## Greene, Auditor v. W. L. Weller & Sons.

(Decided June 5, 1917.)

### Appeal from Franklin Circuit Court.

1. Intoxicating Liquors—Licenses and Taxes.—The combined license fee payable under section 4224, Kentucky Statutes, by resident wholesale dealers in spirituous liquors who are also whole-

sale dealers in vinous liquors is graduated according to the sales of spirituous liquors for the preceding year, with a minimum of three hundred and fifty ($350.00) dollars.

2. Statutes—Construction of License Statute.—The construction of a license statute for three and one-half years, by an executive officer, can not control a judicial construction when the statute is not ambiguous.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellant.

GARNETT & VANWINKLE and LAWRENCE S. LEOPOLD for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The question involved on this appeal is the proper license tax that shall be collected from a resident wholesale dealer of wines, ales or any vinous liquors, who is also a wholesale dealer of rectified, blended or compounded single stamp spirits, or of straight distilled spirits, whose sales of distilled spirits or rectified, blended or compounded single stamp spirits for the previous year amounted to more than five hundred and less than one thousand barrels. Appellees are such wholesale dealers, and for the year ending June 30, 1916, sold eight hundred and seventy-two barrels of distilled spirits. On July 10, 1916, they applied to appellant for a license authorizing them to engage in the business as wholesale dealers in the several kinds of distilled spirits mentioned above and vinous liquors, for the year ending June 30, 1917. With their application they tendered as payment in full for said license tax the sum of $350.00. Appellant refused to accept this amount, but demanded the sum of $400.00 for the license applied for. Appellees then instituted this suit in the Franklin circuit court to compel appellant to issue the license and accept the sum of $350.00 in full payment therefor. Appellees, in addition to setting out fully the facts above stated, pleaded and relied upon a contemporaneous construction of section 4224 of Kentucky Statutes, which fixes the amount of the license. Appellant filed answer controverting only that part of the petition relating to contemporaneous construction. An agreed statement of facts was filed and the case was submitted. Whereupon the lower court awarded a judgment against appellant directing him to issue a license and accept the tendered $350.00 in full payment for same.

So much of section 4224 of Kentucky Statutes as is involved here is as follows:

"For each resident wholesale dealer of distilled spirits or rectified, blended or compounded single stamp spirits, whose sales for the year ending thereafter, have in the aggregate been five hundred or less, one hundred dollars.

"For each resident wholesale dealer of distilled spirits or rectified, blended or compounded single stamp spirits, whose sales for the year ending June 30, 1906, and on the same date of each year thereafter, have in the aggregate been over five hundred barrels and less than one thousand barrels, two hundred dollars.

"For each resident wholesale dealer in distilled spirits or rectified, blended or compounded single stamp spirits, whose sales for the year ending June 30, 1906, and on the same date of each year thereafter have been in the aggregate one thousand barrels or more, three hundred dollars.

"For each resident wholesale dealer of wines, ales or any vinous liquors, two hundred dollars: Provided, That in the event a resident wholesale dealer of wines, ales or any vinous liquors is also a wholesale dealer of rectified, blended or compounded single stamp spirits or of straight distilled spirits, but one license tax shall be paid, and which shall not be less than three hundred and fifty dollars."

Appellees contend that by the last of the above clauses the combined license tax for a wholesale dealer in spirits and vinous liquors is $350.00, regardless of the number of barrels of spirituous liquors sold in the previous year, while appellant contends that the four clauses quoted provide for a tax graduated according to the number of barrels of spirituous liquors sold the previous year. Under the second of the above clauses it is apparent that appellees, if engaged only in the wholesale sale of spirituous liquors, would be required to pay a license tax of $200.00, and by the first part of the fourth clause, if selling only vinous liquors, to pay $200.00 for the privilege of selling, by wholesale such vinous liquors, making a combined license tax for the right to sell both kinds of liquor, $400.00. But by the proviso to the fourth of the clauses quoted from the statute appellees insist a flat rate of $350.00 is fixed for the combined license. If this provision may be so construed its effect is to increase the license fee payable by a small dealer selling less than

five hundred barrels of spirituous liquor a year and to decrease the license tax upon the large dealer, who sells more than five hundred barrels of spirituous liquor a year. This hardly seems reasonable in view of the graduated license fee exacted of wholesale dealers in spirituous liquors and we are utterly unable to reconcile such a construction with the language employed, viz., "which shall not be less than $350.00." The words "not be less than" are meaningless unless it was intended that under some circumstances the fee might exceed $350.00. To our minds this provision is not susceptible of the construction claimed for it by appellees. To adopt appellees' construction would disregard entirely the words "not be less than," which evidently were put there for a purpose, and that purpose evidently was simply to provide a minimum fee for one who engaged in both branches of the business, and the only natural and reasonable inference from the language used is that by fixing a minimum fee there was no intention to disturb otherwise the amount payable for doing a combined business. Looking to the statute alone, we feel sure the construction of the Auditor is the correct one, and that that claimed by appellees is not warranted under any rule of construction, however strictly construed, and having due regard for the rule that requires that the provisions of such statute are not to be extended beyond the clear import of the language used, and in construing laws imposing a license tax whenever there is doubt as to the meaning or scope of such laws they are construed more strongly against the government and in favor of the citizen. According to our view, there is no ambiguity in the statute as written and the only point about which there might be reasonable differences is furnished by attempting to discover the reason that actuated the legislature in making the provision, with which we are not concerned, as it is not disclosed by the act itself or anything in connection therewith so far as we are able to see.

While we do not find the ambiguity in the terms of the statute that would warrant a resort to the contemporaneous construction for assistance in construing it, we would not be inclined, even if that doubt existed, to place much weight upon the construction pleaded and relied upon by appellee. For it appears from the agreed statement of facts that this law was first enacted in 1902 with a minimum combined license fee fixed at $300.00 and amended in 1906 by increasing the minimum fee from

$300.00 to $350.00, but there were no license fees collected under the law or any construction placed upon it by anyone until 1909, and that from 1909 to 1912 it was given no fixed or uniform construction but that the fees collected thereunder during that period were in no sense uniform and give no support to any particular construction of the statute. The uniform construction relied upon by appellees was given the statute August 1, 1912, by the then Auditor and that construction was observed during the three and one-half years remaining of his term. And that construction was not in conformity with the opinion rendered by the then Attorney General of the state, such opinion construing the law as now contended for by the present Auditor.

We, therefore, conclude that the lower court erred in adopting the construction contended for by appellees, and that the law ought to be construed as the Auditor contends. Wherefore, the judgment is reversed for proceedings consistent herewith.