# Shannon, Auditor of Public Accounts, v. Esbeco Distilling Corporation.

(Decided Oct. 18, 1938.)

CLIFFORD E. SMITH, CYLDE E. REED, SAMUEL M. ROSENSTEIN and JOSEPH J. LEARY for appellant.

MORRIS & GARLOVE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

The Dant & Head Distilling Company, a corporation, owns a distillery plant at Gethsamine, Kentucky. At least, for portions of the years 1936-37, the Esbeco Distilling Corporation operated the plant under a lease from the owner. Before operating the plant the lessee was required to and did pay the annual permit fee or tax of $1,000 for each of the years as provided in section 2554b-57, Kentucky Statutes. The owner of the plant had also paid a similar fee or tax for such years.

The Esbeco Distilling Corporation instituted this action against E. E. Shannon, state auditor, under the provisions of section 2554b-64, Kentucky Statutes, seeking to recover the $2,000 so paid. It set up the fore-

going facts in its petition and further alleged that the permit fees exacted of it were wrongfully collected because it was the intention of the General Assembly of Kentucky in enacting section 2554b-57, Kentucky Statutes, to impose one annual tax of $1,000 upon each and every manufacturing or distilling plant and not the intention to cause or require a lessee of such plant to pay such annual permit fee if such fee had been paid or was required to be paid by the owner of the plant. The auditor interposed a general demurrer to the petition which was overruled, and having declined to further plead it was adjudged that the Esbeco Distilling Corporation recover the sums sued for and the auditor is appealing.

It is argued by counsel for appellant (1) that a fee imposed by section 2554b-57 is upon the person exercising the privilege conferred thereby and restricted to the person specified; that such permits under the statute as well as under the common law are not transferable or assignable and not available to any person other than the one specified in the permit; (2) that the license tax imposed by section 2554b-57 is on the privilege thereby conferred and that the distilling plant or plants referred to in the statute are mentioned only as a basis for measuring the tax. Counsel for appellee of course hold to the contrary view.

Section 2554b-57 reads:

"For the privilege of distilling spiritous liquors, manufacturing vinous or intoxicating malt liquors there is assessed and there shall be paid an annual permit fee of and by every person engaged therein the sum of one thousand dollars for each and every manufacturing or distilling plant."

When this statute is read, as it should be, in connection with the comprehensive act of which it is a part, there is little if any room for doubt concerning its meaning. It imposes an annual fee or tax upon every person exercising the privilege of manufacturing or distilling any of the liquors specified in the section, the amount of the tax being $1,000 for each plant operated by the same person in the manufacture of such liquors. Appellee and its lessor, so far as the record discloses, were entirely separate and distinct entities and appellee was operating the plant for itself and not for the owner. It

does not appear in the record whether the owner operated its plant for the distillation of liquors at any time during the year or years in controversy. It is stated in one of the briefs that it did; however, we do not consider that material so far as appellee's right of recovery is concerned. If the owner had elected to let its plant remain idle or had not used it for its own purposes in distilling liquors during the years covered by appellee's permit no license tax could have been required of it. However, we are not called upon to determine any right of the owners to recover any permit fee or license tax. A permit granted to the owner could not be assigned or transferred to another. Kentucky Statutes, section 2554b-36 and 2554b-37. Apart from the statute it is a general rule that a license being a personal privilege cannot be assigned or transferred to another. 17 R. C. L. 475; 37 C. J. 243.

Amici curiæ briefs have been filed by eminent counsel on behalf of their clients who own or operate distilleries and who are resisting the payment of the license or permit fee under section 2554b-57 of the Statutes. In their cases it is claimed that leases are made by the owners to another as a mere formality to comply with regulations of the Internal Revenue Department of the United States; or a plant is being operated by a subsidiary whose stock is owned by the parent corporation and the operations are in fact for the lessor or parent corporation. No such situation is presented by the record before us. Appellee is a separate and distinct corporation from the owner and the latter was in nowise interested in the operation of the former.

We express no opinion concerning the rights of the parties in circumstances shown or claimed in the amici curiæ briefs, but we unhestitatingly conclude that every person who operates a plant for himself for the distillation of liquors is required under the statute to pay the permit fee whether he be owner or lessee.

Some question is made in brief for appellee that such a conclusion would result in double taxation, it being asserted that appellee had paid the tax imposed on corporations by Kentucky Statutes, section 4189-1 et seq., for engaging in business. Any contention that this would result in double taxation is definitely set to rest in the case of Shanks, Auditor of Kentucky, v. Independent Oil Company, 225 Ky. 303, 8 S. W. (2d) 383,

and authorities therein cited. No question of double taxation is presented.

For the reason indicated the judgment is reversed and the cause remanded for proceedings consistent with this opinion.