# Commonwealth et al. v. H. E. Pogue Distillery Co.

March 18, 1941.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellants.

Lewis C. Carroll and John K. Skaggs, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appeal is from a judgment directing the officers of the State to refund $1,000, with interest, to the appellee, H. E. Pogue Distillery Company, paid as a license or permit fee for conducting the business of a distiller of intoxicating liquor for the permit year July 1, 1937 to June 30, 1938. Acts of 1938, Chapter 2, Section 18, Section 2554b-114, April, 1939, Supplement to the Statutes. Payment had been required as a condition to the issuance by the Department of Revenue of a permit to distill liquor for the following year. It was paid under protest and suit brought to recover. The tax claimed to have been wrongfully demanded was that provided for in the Alcoholic Control Act of 1934 (Chapter 146, Article V, Section 1, Acts of 1934; Section 2554b-57, Ken-

tucky Statutes, 1936 Edition), which was repealed as of March 7, 1938, by the Alcoholic Beverage Control law of 1938 just referred to. During the year 1937-1938 the appellant did not manufacture any whiskey, but sold, stored, transported and bottled such liquor made in previous years. Its position was and is that since it did not engage in the business of manufacturing or distilling in that year it was not required to obtain a manufacturer's permit and is not liable for the license or fee therefor.

We examine the 1934 Act, referring to the sections of the 1936 Edition of the Statutes. Section 2554b-1 defined the term "manufacturer," used in the act, "unless otherwise specified" to be "any person engaged in the business of distilling, brewing, making, blending, rectifying or producing for sale in wholesale quantities alcoholic liquors," etc. Section 2554b-9 declared that no liquor should be manufactured for storage or sale at retail without a permit as provided in the act, nor should any person sell such commodity except in accordance therewith. Section 2554b-57 prescribed a permit fee or tax of $1,000 "for the privilege of distilling spirituous liquors, manufacturing vinous or intoxicating malt liquors." If this section be considered alone, the owner of a distillery would not have been liable for such a fee if he did not distill or manufacture liquor during the year. But it must be read in connection with the other sections of the law (City of Covington v. State Tax Commission, 257 Ky. 84, 77 S. W. (2d) 386) and they couple the storing and sale of liquor by a distiller with its manufacture. It is to be noted, first, the application was "for a permit to manufacture, distill, transport, store and sell" liquor (Section 2554b-10); and, second, only a manufacturer could sell, deliver or transport liquor to wholesalers or rectifiers or export it out of the state. Section 2554b-12. There was another provision in the act for the licensing of a wholesale dealer "other than a distiller," who was expressly eliminated from its provisions (Section 2554b-15), and the license or permit fee was $700 for such a one engaged strictly in selling at wholesale. Section 2554b-59. So when these sections are read together, we think it was the legislative intent that any person owning a distillery and engaged in the business of storing, wholesaling and transporting his products was required to pay the fee of $1,000—the business being subject thereto as a unit. If this were not so, then he would not have had to obtain any sort of permit, or been subject

to any regulation, or have had to pay any license for the privilege of engaging in the business of storing, selling and transporting liquor.

It is to be noted that the foregoing Act of 1934 was repealed during the permit year for which the fee of $1,000 was claimed, namely, as of March 7, 1938. But if the fee was payable at all it was in advance on or before July 1, 1937, and the liability created then continued and was not affected by the repeal of the act. Section 465, Kentucky Statutes.

Appellee makes the point that our construction of another Act of 1934 (Chapter 149, Section 2) sustains its contention of nonliability for the $1,000 fee. That act, published as Section 4214a-13, Kentucky Statutes, 1936 Edition, required that a permit be obtained from the State Tax Commission to engage in the business or occupation of "manufacturing, selling and transporting distilled spirits" for which, "in addition to the other license taxes provided by law," there should be paid "an excise tax of five cents * * * for each proof gallon of distilled spirits for which said permit is issued." We held in Glenmore Distilleries Company v. Department of Revenue, 279 Ky. 505, 131 S. W. (2d) 460, 463, that this 5 cents a gallon tax was for the privilege of manufacturing, selling and transporting liquor, and, even though a quantity of whisky had been destroyed by fire before it was sold or transported, the tax was applicable nevertheless, and the distiller was not entitled to manufacture and replace the liquor destroyed without paying the gallonage tax thereon. In the course of the opinion we agreed with the argument that the $1,000 license referred to above was imposed on the manufacturer of liquor and the 5 cents a gallon tax was "for a privilege broader than manufacturing." But we did not hold that the business of manufacturing was confined to production only, and do not think it was in the light of the analysis of the entire act under which the license was laid.

Appellee likewise submits that our construction of the 1934 Act in the Esbeco Distilling Company cases, infra, supports its contention. In Shannon, Auditor, v. Esbeco Distilling Company, 275 Ky. 51, 120 S. W. (2d) 745, 746, it is observed: "If the owner had elected to let its plant remain idle or had not used it for its own purposes in distilling liquors during the years covered by

appellee's permit no license tax could have been required of it." That was dictum, for immediately following that observation it is stated that we were not called upon to determine any right of the owner of a distillery to recover any permit fee or license tax. The only question decided was that the lessee of a distillery plant, operating the same, was liable for the $1,000 permit fee though the owner had also paid such a fee. Upon remand of the case the Distilling Company reformed its petition by which it was seeking a refund of $2,000 paid as a distiller and disclosed that it had in fact only purchased a quantity of whisky from the owner of the plant who had operated the same and manufactured the liquor, though a fictitious lease of the plant had been executed to the Esbeco Company in order to comply with a technical regulation of the Internal Revenue Department of the United States so that the whisky it had purchased might be branded with its name. In the course of that opinion, it is said that the $1,000 annual tax "was to require a distiller to obtain a permit before exercising the privilege of manufacturing liquor," and that the statute did not require a distiller to obtain such a permit or pay such fee for the privilege of purchasing liquor manufactured by another who had paid the permit fee prescribed by the statute. Esbeco Distilling Company v. Shannon, Auditor, 278 Ky. 689, 129 S. W. (2d) 172, 174. Appellee argues that if a distilling company purchasing whisky from another distiller is not liable for the fee, then neither is the seller who had paid the tax during previous years when it was engaged in the manufacture of that liquor so sold. We cannot agree that the decision warrants that conclusion. There was no tax or license placed upon the purchase of liquor. There was a tax or license placed upon the unified business of manufacturing, storing, selling and transporting liquor in which the appellee was engaged even though he did not exercise the whole privilege.

We are of opinion, therefore, the appellee was liable for the fee and the judgment is erroneous.

Judgment reversed.

Whole Court sitting, except Judge Perry.