## Louisville Retail Package Liquor Dealers' Ass'n et al. v. Shearer et al.

June 13, 1950.

W. B. Ardery, Judge.

Hargadon, Bennett & Lemaire, Leon J. Shaikun, Samuel M. Rosenstein, and Herman G. Handmaker for appellants.

Ropke, Goldstein, Lampe & Poynter, Stuart E. Lampe and Albert F. Reutlinger for appellees.

JUDGE CAMMACK—Affirming.

In 1940, the T. P. Taylor Company bought property at the corner of Taylor Boulevard and Central Avenue, in Louisville. In December, 1940, a retail package liquor license was issued to Boulevard Liquors, one of the appellants, at 3101 Taylor Boulevard, which was approximately 100 feet from the Taylor property. On July 1, 1948, Boulevard Liquors moved its business to the same side of the street as the T. P. Taylor Company and within less than 700 feet of that Company's property. The Taylor Company has constructed a completely new building on the property and is now operating a general drug business there.

In September, 1948, the Taylor Company applied for a retail package liquor license for the location of 3100 Taylor Boulevard, agreeing to abandon the license it held at 148 E. Broadway upon the issuance of a license at the new location. The application was called an "application for transfer of retail liquor license." On October 4, 1948, the Alcoholic Beverage Administrator of the City of Louisville denied the application and the Taylor Company appealed to the State Alcoholic Control Board. The appeal was contested by the Louisville Retail Package Dealers' Association and three partners doing business as Boulevard Liquors. From an order of the State Board reversing the City Administrator, the Association and Boulevard Liquors appealed to the Franklin Circuit Court, which affirmed the Board's order. From this latter ruling this appeal was taken.

The appellees contend that the Corporation, Louisville Retail Package Liquor Dealers' Association, has no standing to bring this appeal, because it is not a "citizen feeling himself aggrieved," within the provisions of KRS 243.560. Since we feel that the members of the partnership, Boulevard Liquors, have an undoubted right of appeal, and since we are resting our decision on other grounds, it is unnecessary to pass on this question.

In the order of the State Alcoholic Beverage Control Board on Taylor's appeal, the Board found that the City Administrator refused to cancel the license at 148 E. Broadway and issue one at 3100 Taylor Boulevard in lieu thereof for the reason that the City Administrator expressed doubt in his order that any part of LABA-2 was valid. LABA-2 is a city regulation providing among other things that no original license may be granted in the City of Louisville within 700 feet of other premises so licensed, with certain exceptions. The State Board was of the opinion that the regulation authorized the abandonment by the Taylor Company of its old license and the issuance of another license to the Company at its new location.

The appellants contend that KRS 243.630 bars the transfer of any license and that if this is not a transfer, then regulation LABA-2, with its amendments, bars the issuance of a new license. The questions presented

require a construction of KRS 243.630 and LABA-2 and its amendments.

KRS 243.630 provides: ''Transfer of license without authorization prohibited. No license under KRS 243.-020 to 243.670 to any person for any licensed premises shall be transferable or assignable to any other person or to any other premises or to any other part of the building containing the licensed premises, unless a transfer or assignment is authorized by the state administrator in the exercise of his sound discretion under KRS 243.-640 or 243.650. * * *''

Counsel for the appellees contend that this prohibition against transfer is designed to secure to the Commonwealth revenue for each premise licensed, and that it was not intended to be regulatory as to the places in which a licensee might relocate his place of business. We agree with this construction of the statute. It is to be noted that the exceptions provided for in KRS 243.-640 and KRS 243.650 all deal with cases in which an injustice would be done by refusing a transfer of the license. In Shannon v. Esbeco Distilling Corporation, 275 Ky. 51, 120 S. W. 2d 745, this Court held that the State was entitled to two license fees where an owner of a distillery had paid for a license and then during the license year had leased the distillery to a lessee. In effect, in that case, this Court held that, while the business could be transferred to another person, the license itself could not be transferred. The fact that the regulation of the liquor business is provided for by other sections of the statute bears us out in our construction of this section.

Having concluded that KRS 243.630 will permit an abandonment of an old license and the issuance of a new license at a different location, we are presented with a further question as to whether the language of LABA-2 and its amendments will permit the same thing. LABA-2 originally provided for a quota system for the City of Louisville limiting the number of licenses to be granted in the City and stated that no more original licenses would be issued until the number of licenses was reduced to 130 package licenses and 130 drink licenses. The regulation then provided:

''No such original license may be granted for premises which are located within 700 feet, in any direction,

of any other premises so licensed in the City of Louisville except * * * (downtown section) * * *.

"* * * This regulation shall not prevent the transfer of any City Retail Liquor License from one location to another."

It is apparent that the regulation was primarily concerned with the establishment of a quota system in Louisville and with the elimination of price-cutting wars. LABA-6, an amendment to LABA-2, permits a licensee who has a "by the drink license" to obtain a package license also, even though there exists another package license within 700 feet. LABA-8, another amendment to LABA-2, changed the quota within Louisville, but retained the 700 foot rule. All of these city regulations were concerned primarily with limiting the total number of liquor licenses in the City of Louisville. They were approved by the State ABC Board. The text of the regulations indicates that the City Administrator was not particularly concerned with the question of two package dealers being within 700 feet of each other, since he expressly provided for that possibility in LABA-6. Further, the testimony of the administrator who wrote the regulations showed that he would issue a second license within 700 feet of an existing license if it was agreeable with the holder of the first license.

As we have mentioned above, the State Board held that the city regulations presented no bar to the abandonment by the Taylor Company of its old license and the issuance of another license at the new location. Since the city regulations are subject to the approval of the State Board, it follows that the Board has the right to interpret these regulations. O'Brien v. Department of Alcoholic Beverage Control, 306 Ky. 238, 206 S. W. 2d 941. We find its construction of the the regulations to be a reasonable one.

The judgment is affirmed.