PASSAFIUME v. SHEARER et al.

Court of Appeals of Kentucky.

May 8, 1951.

Hottell, Stephenson, & Allen, Louisville, for appellant.

G. L. Tucker, Frankfort, Leon J. Shaikun, Louisville, for appellees.

VAN SANT, Commissioner.

The appeal is from a judgment of the Franklin Circuit Court sustaining an order of the Alcoholic Beverage Control Board which denied the application of appellant, Salvatore Passafiume, for a retail liquor license. The Board did not assign its reason for refusing the license, but it is reasonably apparent that its action was based on the first of the contentions contained in the brief it has filed in this Court. That contention is that issuing the license would contravene binding regulations adopted by the Louisville City Administrator and approved by the Board. Singularly, appellant contends that, under his own construction of the regulations relied on by the Board, he is entitled to have the license issued as a matter of law. If the Board's contention in respect to the regulations should be upheld it will be unnecessary to notice the other reasons offered in support of the judgment.

The regulations governing the case provide in substance, that the Administrator shall not issue any license for the sale of distilled liquors and wines by the package which will bring the total in existence at any one time in excess of two hundred, and that no such license should be issued for premises located within seven hundred feet of the location of another such licensee; provided however, the City Administrator in his discretion may issue not more than five, so located, in any one licensing period; and, provided further, that any person owning a license to sell beer or whiskey and wine by the drink at the date of the adoption of the regulations should, ipso facto, be entitled to a license to sell whiskey and wine by the package, upon application therefor. At the time of the application there were two holders of package licenses whose businesses were located within seven hundred feet of the premises applied for. The regulations were approved by the State Board on October 13, 1942, at which time appellant was the holder of a license (1) to sell beer by the drink, (2) to sell whiskey and wine by the drink, and (3) to sell whiskey and wine by the package, at the premises in which he now is engaged in business and wherein he intends to operate under the license applied for, although he permitted all three to expire on December 31, 1942.

In the year 1943 appellant leased the premises to Gordon Tinsley for a five year term ending in the year 1948. During his tenure, Tinsley was the holder of licenses to dispense beer, whiskey, and wine by the drink and whiskey and wine by the package. At the end of the term of his lease in the year 1948, he permitted his licenses to expire. Appellant then re-entered the premises and in the year 1949 obtained li-

censes on new applications to dispense beer, whiskey, and wine by the drink. In the following year, to-wit, June 24, 1950, he made application for the license which is the subject of this action. All the licenses hereinbefore referred to were for the conduct of business in the same premises.

The sole question we find it necessary to consider is whether, by holding the licenses to dispense beer, whiskey, and wine by the drink on the date of the adoption of the regulations, appellant is entitled now to obtain a new license to sell whiskey and wine by the package, particularly in view of the fact that he permitted the licenses he formerly held to expire without application for renewal.

Undoubtedly the part of the regulations enabling the holder of a drink license to obtain a license to sell by the package within seven hundred feet of another's licensed premises was for the benefit of such holder if, but only if, he did not have, at that time, a license to sell whiskey and wine by the package. Thus the regulation created a class; and, since the class was confined to non-holders of licenses to sell by the package, appellant was not included as a member. He therefore obtained no right which was not common to any other person applying for an original license. Even if this were not true, we cannot conceive of the Board passing a regulation for the benefit of the holder of a license, which would extend the benefit beyond the term of the license then in existence, or, at least, beyond the term of its renewal or renewals. That being true, we are of the opinion that any right appellant might have had by reason of having been the holder of licenses to dispense beer, whiskey, and wine by the drink automatically expired with the expiration of the privilege then held. If we entertained a doubt as to the meaning and purpose of the regulations, we would resolve such doubt to conform to the Board's construction, since, after all, the Board was responsible for their adoption. Louisville Retail Package Liquor Dealers Association v. Shearer, et al., 313 Ky. 316, 231 S.W.2d 47. We are of the opinion the Chancellor correctly sustained the Board's refusal to issue the license applied for.

The judgment is affirmed.