**SHEARER et al. v. SPADIE et al.**

Court of Appeals of Kentucky.
May 22, 1953.

Rehearing Denied ·Oct. 9, 1953.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., Gilbert Burnett, Louisville, for appellants.

Robert E. Hogan and Sidney Baer, Louisville, for appellees.

CAMMACK, Justice.

This is an appeal from a judgment of the Franklin Circuit Court entered April 21, 1952, ordering the Alcoholic Beverage Control Board to issue a license to the appellees. It reversed an order of the Board entered September 14, 1951, denying the Spadies' application for a retail package license. The Alcoholic Beverage Control Board will be referred to in this opinion as the Board and the Louisville City Administrator will be referred to as the Administrator.

The Spadies formerly operated a liquor business at 2100 S. Seventh Street, in Louisville. In 1945 they sold the business (but not the premises) to Frank Bulleit and leased the premises to him for three years, with a privilege to renew for the same period. Bulleit exercised the option and was given a new lease to July 1, 1951, but was told that the property would not be leased to him beyond that time.

Bulleit thereupon erected a building at 2000 S. Seventh Street and applied for and obtained permission on January 18, 1949, to move his business to the new location.

He began selling beer in May, 1949, and liquor in July, 1949, continuing to pay rent on the Spadies' premises. Shortly thereafter he sold his lease on 2100 to the Spadies.

The Spadies then began to try to get liquor licenses, discussing the matter with various Louisville attorneys. They obtained licenses for beer and liquor by the drink in 1949, but were unsuccessful in obtaining a license for package liquor. Mr. Spadie testified that he signed two applications in 1949 and others on July 25, 1950, and November 21, 1950. This last application was rejected by the Administrator on November 28, 1950. The applicants appealed to the Board and at the hearing on January 17, 1951, the Board remanded the application to the Administrator for further action. On January 29, 1951, the Administrator notified the Board that he took the position that the quota was full. On February 21, the Board requested the Administrator to act and, when he failed to do so, the Board held another hearing on June 19, 1951, to hear testimony. Finally on September 14, 1951, the Board issued an order affirming the order of the Administrator denying the license. This order was set aside by the judgment below.

■ The order of the Board contained no findings, but merely recited that "the Board having heard all the evidence submitted and being sufficiently advised" ordered that the order of the Administrator refusing to approve the application be affirmed. The judgment of the Franklin Circuit Court setting the order aside is similarly uninformative. Appeals from the Administrator to the Board are heard "as upon an original proceeding." KRS 241.200. Although the procedure may be summary, KRS 243.550, and the statute does not make any requirement as to the form of orders, we think it would be good practice for the Board to make simple findings.

From the record in this case it appears that the Board affirmed the Administrator's order refusing a license to the appellees on the ground that the quota was full. The Spadies' appeal, sustained by the Franklin Circuit Court, was based on the grounds that the Board acted in excess of its power and contrary to its rules and regulations and that the order is not supported by substantial evidence. The principal contention of the appellees in support of the judgment is that the order of the Board was in violation of its own quota regulations, in that the Spadies were treated by the order as coming under the quota when by regulation they were exempt.

The problem of the location and number of licenses has been one which the Board has repeatedly attempted to deal with by general regulation. The Board's authority to fix quotas, granted to it by KRS 241.-060, was sustained in Kentucky Alcoholic Beverage Control Board v. Klein, 301 Ky. 757, 192 S.W.2d 735. The regulations which are pertinent here are Orders 205, 267, 268 and 278. Order 205, adopted September 17, 1948, had provided for a quota of 130 retail drink and 130 package licenses in Louisville and established a 700 foot rule, except in cases of undue hardship. Orders 267 and 268, adopted July 24, 1950, raised the quota to 325 (one to each 1500 people) and again provided a 700 foot rule.

To prevent any retroactive effect, the Board provided that Order 267 would not apply to "applications for retail package licenses on file with the Alcoholic Beverage Control Board as of July 24, 1950," that Order 268 would not apply to applications on file July 21, 1950, and that the 700 foot rule would not affect existing locations of places of business licensed to sell at retail distilled spirits by the package on the date of the regulation, or renewals or transfers. It was also provided that the location of an existing license could not be moved to a new location in violation of the 700 foot rule except on destruction of premises or loss of lease. Because of some misunderstanding of Orders 267 and 268, the Board issued Order 278 on November 3, 1950, exempting from its Orders 267 and 268 certain applications on file on July 21, 1950, naming six "known to the Board." The Spadies were not listed, but claim they come within a concluding clause of Order 278 referring to "like applicants."

■ It is clear that appellees' application was not literally on file with the Board as of July 21, 1950. Appellees had made an application to the Administrator sometime in 1949 or 1950, which was denied by the Administrator by letter of November 28, 1950. On December 4, 1950, this order was appealed to the Board and on December 11, 1950, hearings were assigned. The first time the application was literally on file with the Board was December 4, 1950.

Appellees contend that they should be considered as having had an application on file with the Board from the time they first made known to the Administrator that they desired a license. In support of this contention they cite statements of the Board at the hearing to the effect that applications to the Administrator are addressed to the Board. Appellees further argue that they are within the group excepted from Orders 267 and 268 by the interpretive ruling in Order 278 exempting six named parties and "applicants having a like status, but unknown to the Board at this time." We do not believe that appellees had an application on file with the Board on July 21, 1950, within the meaning of Orders 267 and 268, or that they were applicants having a like status unknown to the Board within Order 278. An applicant can not be before the Board until the local administrator has acted.

Appellees' reliance on Krenitz v. Baron, Ky., 252 S.W.2d 58, misconstrues our interpretation of Order 268 in that case. Krenitz applied to the Board for a license sometime in 1950. His application was rejected July 7, 1950, for failure to obtain prior approval of the Administrator. On July 25, 1950, the application was returned to the applicant's attorney and by the next day it had been approved by both the local administrator and the Board. We held that as a matter of law Krenitz had no application on file with the Board on July 21, and hence was bound by the quota. Appellees argue that the Krenitz case differs from their case, since they did have an application on file with the Administrator before July 21, and that is the same as having it on file with the Board. We agree that the case is different, but we believe that appel-

lees no more had an application on file with the Board on July 21 than Krenitz did. We construed the regulation as requiring an application to be properly on file before the Board before July 21 after proper action of the Administrator. There was no action by the Administrator on the Spadies' application until long after July 25, 1950. The Board has held the Spadies' application was not "on file" on July 21, 1950, and hence is not exempt from the quota. We think this is a reasonable interpretation of the orders and is in accord with our interpretation of the similar language of Order 268 in the Krenitz case. In brief, "on file with the Board" does not mean "on file with the Administrator" so far as these orders are concerned.

■ Was the order as interpreted lawful? Appellees seem to believe that if they filed an application with the Administrator before July 21, 1950, the Board could not lawfully pass a quota regulation applicable to them without violating the rule against retroactivity of regulations. We think this is a distortion of the rule against retroactivity of administrative regulations. As a matter of fact, the Board could have applied the regulation to applications in its files without unconstitutional retroactivity. The rule which requires the Board to issue general quota regulations should not be made unworkable by hypercritical insistence that the regulation issued can not be applied to persons who have filed applications for licenses or are thinking about becoming applicants. The Board went out of its way to avoid a retroactive application of Orders 267 and 268, and we do not think the exceptions made should be interpreted to extend them any further than the plain language shows they were intended to go.

■ Appellees further contend that the 700 foot rule of Order 268 is not applicable to them because it exempted *locations* of all places of business licensed to sell at retail by the package at the date of the regulation, and renewals and transfers of licenses thereof. The premises at 2100 were not the location of a place of business licensed to sell at retail by the package at the time the regulation went into effect. It had been

such a place earlier, but the location of the license was lawfully moved by the tenant (Bulleit) to 2000 S. Seventh Street. Thereafter the store building at 2100 S. Seventh Street was no longer a licensed location within the meaning of the order. See Louisville Retail Package Liquor Dealers Ass'n v. Shearer, 313 Ky. 316, 231 S.W.2d 47. The regulation does not absolutely forbid transfer of location. It forbids transfer of location in violation of the 700 foot rule except on certain conditions.

We conclude that the order of the Board was not in excess of power nor contrary to its regulations and was supported by substantial evidence. The judgment of the Franklin Circuit Court is therefore reversed.