Joe R. SPALDING, Appellant,

v.

ALCOHOLIC BEVERAGE CONTROL BOARD of Commonwealth of Kentucky et al., Appellees.

Court of Appeals of Kentucky.

May 1, 1959.

Thomas F. Marshall, Funk, Chancellor & Marshall, Frankfort, for appellant.

Thomas P. Bell, Frankfort, for appellees Alcoholic Beverage Control Board et al.

Rudy Yessin, Smith, Reed & Leary, Frankfort, for appellees and Paul Clayton.

WADDILL, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court affirming an order of the Alcoholic Beverage Control Board granting a transfer of a retail package liquor license to appellee, Paul Clayton, for certain premises in the City of Bardstown. The questions presented for review are: (1) Whether the ABC Board acted in excess of its powers; and, (2) whether there is any substantial evidence to support the order of the Board.

On December 26, 1957, Paul Clayton entered into a written contract with Elmer Hutchins, whereby Clayton agreed to purchase the retail liquor store owned by Hutchins on the condition that the ABC Board would approve the transfer of the retail package liquor license from Hutchins to Clayton. In accordance with their agreement, Clayton filed application with the Board seeking its approval of the proposed transfer of the license. This procedure is authorized by KRS 243.630. See Louisville Retail Package Liquor Dealers' Ass'n v. Shearer, 313 Ky. 316, 231 S.W.2d 47.

Appellant, who protested against the transfer of the liquor license from Hutchins to Clayton, contends that the Board, by granting the transfer of the license, has thereby approved the issuance of a retail package liquor license to Clayton which will exceed the quota established by the Board. This contention is unsound because it erroneously assumes that the transfer of the license will increase the total number of licenses in existence. While the Board cannot issue new licenses which will exceed the quota fixed by the Board, the Board may, however, approve a transfer of a license in accordance with KRS 243.630, and may also approve the renewal of licenses previously issued.

Appellant next contends that the transfer of the license to the proposed premises would create a nuisance, depreciate the value of property in the vicinity of the liquor store, and would generally make the neighborhood a less desirable place to live. While there was some testimony introduced before the Board which tended to substantiate some of these contentions, there was other testimony to the contrary. The Board resolved these issues against appellant, and there is substantial proof to support its finding.

Appellant further urges that the testimony conclusively shows that the existing liquor dispensaries in Bardstown were adequately supplying enough whisky to satisfy the needs of the residents of Bardstown, and, therefore, Clayton's application seeking approval to open an additional whisky store in Bardstown should have been denied. The Board properly ignored this argument because the Board had previously established the quota system and had fixed the number of licenses which the Board had determined would adequately satisfy the needs of the residents of this community. The testimony relied upon by the appellant in this instance was irrelevant to the issue and was inadmissible.

We have concluded that the judgment entered by the circuit court correctly adjudicated all issues in the case.

Judgment affirmed.