Harold **MOBERLY, Commissioner of Alcohol-
ic Beverage Control Board et al., Appellants,**

v.

**Clarence R. JOHNSON et al., Appellees.**

Court of Appeals of Kentucky.

March 6, 1964.

Frank M. Dailey, Frankfort, J. Smith Barlow, Jr., Bardstown, for appellants.

William A. Young, Frankfort, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court which reversed the decision of the Alcoholic Beverage Control Board refusing to issue a retail beer license to the appellees for premises located in Nelson County. The crucial question presented on this appeal is whether the facts found by the Board are justified by the evidence.

The premises for which the license is sought are located on the east side of U. S. Highway #62 in the community known as Boston. This unincorporated town has no marshal or local police force, but the highway through it is constantly patrolled by state policemen and, to some extent, by the county sheriff and his deputies. The highway in front of the proposed premises has been designated as a no-passing zone. The shoulder on the west side of the road is narrow and pedestrians ordinarily use the shoulder on the east side of the road. A place known as Dones' Tavern fronting on U .S. Highway #62 approximately five hundred feet south of the appellees' premises is the only place that has been licensed for the sale of malt beverages in the area near Boston. The distance from appellees' premises to the nearest school is seven-tenths of a mile and the distance between appellees' premises and the nearest building used for religious purposes, the Apostolic Church, is over three hundred feet. No member or officer of the Apostolic Church protested against the issuance of the license.

■ Upon the hearing before the Board it was established that the appellees had complied with the statutes and the regulations of the Board which would qualify them for the license. The Board, however, refused to issue one under the authority granted it by KRS–243.450(2),

which provides that a license that might otherwise be issued may be refused by a state administrator for any reason which he, in the exercise of his sound discretion, may deem sufficient.

The basis of the Board's refusal to issue the license was that the proposed beer outlet was in an area that had inadequate police protection, was undesirable from a traffic standpoint, was objectionable in that children would pass by it in reaching a school bus-stop and was unnecessary since the area was adequately served by Dones' Tavern. While some of these reasons are similar to those appearing in the case of Alcoholic Beverage Control Board v. Woosley, Ky., 367 S.W.2d 127, wherein we upheld the Board's refusal to issue a license, that case is not controlling because there the Board's findings were supported by substantial evidence. However, in the instant case the evidence does not justify the findings upon which the Board reached its conclusion.

■■ The testimony concerning the police protection in the area of the proposed premises cannot reasonably be held to establish inadequacy in view of the fact that the area is continuously patrolled. That the presence of the proposed beer outlet in a rural area will cause a traffic hazard is not only speculative but it assumes that the patrons of this outlet will disregard the traffic laws. The fact that some children will pass by this outlet is not of itself a valid reason to reject the application. While reasonable and proper distribution of retail beer outlets within a given area may be a material consideration in protecting the public interest, general expressions of opinion, as appear in this record, that there is no need for the proposed outlet are not of such a character as to authorize the Board to deny the issuance of a beer license, particularly when there is only one outlet in the area.

Under this record we must conclude that the Board acted arbitrarily in refusing to issue the license to the appellees and, consequently, the judgment of the circuit court is correct.

The judgment is affirmed.