**SOUTHSIDE LIQUOR, INC., Appellant,**

**v.**

**Harold MOBERLY et al., etc., Appellees.**

Court of Appeals of Kentucky.

Nov. 12, 1965.

E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Frankfort, for appellant.

Frank M. Dailey, William A. Young, Frankfort, for appellees.

MOREMEN, Chief Justice.

This is an appeal from the judgment of the Franklin Circuit Court affirming the decision of the Alcoholic Beverage Control Board which granted appellees a retail package liquor license for premises located at 234 West Second Street in Frankfort.

Appellant, a competitor in the Frankfort retail liquor business, contends that the ABC Board abused its discretion under KRS 241.060 by granting the license without considering: 1st) the proximity of appellees' premises to those of appellant, and 2nd) the adequacy of appellant's store to serve the area for which an additional outlet is sought.

KRS 241.060 under which the appellant contends that the ABC Board should have refused to grant the license to appellees provides, in relevant part, as follows:

"The Board shall have the following functions, powers and duties:

"(2) To limit in its sound discretion the number of licenses of each kind or class to be issued in this state or any political subdivision, and restrict the locations of licensed premises. To this end the board may make reasonable division and subdivision of the state or any political subdivision into districts. Regulations relating to the granting, refusal and revocation of licenses may be different within the several divisions of subdivisions."

It is clear from KRS 241.060 that the legislature in the public interest has delegated to the ABC Board special powers to regulate the liquor industry in the light of variable local factors. We have held that this does not constitute an unlawful delegation of legislative functions. Kentucky Alcoholic Beverage Control Board v. Klein, 301 Ky. 757, 192 S.W.2d 735; Alcoholic Beverage Control Board v. Woosley, Ky., 367 S.W.2d 127.

Although it is true that the ABC Board is granted wide discretion by KRS 241.060, this discretion is necessary in light of the nature of the supervision involved. As a practical matter it would be nearly impossible for the legislature or the courts to administer effectively the details of the alcoholic beverage business.

Nor is this trend toward the delegation of administrative functions anything new at this stage of our country's development. In the last two decades courts have increasingly recognized that in a society growing in complexity it is necessary that many quasi legislative functions, which in smaller communities and under more primitive conditions were performed by the legislative branch of government, be entrusted to departments, boards, commissions and agents. Commonwealth v. Associated Industries of Kentucky, Ky., 370 S.W.2d 584; Ray v. Parker, 15 Cal.2d 275, 101 P.2d 665. In the Associated Industries case, 370 S.W.2d at page 588, we said that it is constitutionally permissible for the legislature to delegate discretionary power to others so long as it retains the right to revoke that power. That principle is particularly applicable when the power is delegated as in the present case to a public board as opposed to a private organization.

It is true that where a board is vested with wide discretion without specific statutory standards the danger of abuse is ever present. The courts will review and set aside actions of the board which are arbitrary. See Moberly v. Johnson, Ky., 376

S.W.2d 529. But the record discloses no such abuse in the present case.

Appellant contends that the Board erred by not considering the factors of proximity to existing outlets and adequacy of existing licenses. These contentions are not supported by the record.

In fact, the Board did take testimony on the distance between appellees' premises and those of the nearest licensee and determined it to be 700 feet. With respect to the adequacy of existing licenses, we said the ABC Board does not have to reconsider that issue if it has previously established a quota system and has fixed the number of licenses which it has determined would adequately satisfy the needs of residents of the community. Spalding v. Alcoholic Beverage Control Board, Ky., 323 S.W.2d 859.

Therefore, the judgment is affirmed.