Mike DOLAN, Appellant,

v.

SHOPPERS VILLAGE LIQUORS NO. 2,
INC., etc., Appellee.

Court of Appeals of Kentucky.

March 23, 1973.

William H. Beck, Errol Cooper, Jr., Lexington, John D. Darnell, Frankfort, for appellant.

Joseph J. Leary, Frankfort, H. Wayne Riddle, Miller, Griffin & Marks, Lexington, for appellee.

CATINNA, Commissioner.

Mike Dolan, an intervening appellee, appeals from a judgment of the Franklin Circuit Court reversing an order of the Alcoholic Beverage Control Board refusing retail package liquor and beer licenses to Shoppers Village Liquors No. 2, Inc., d/b/a Shoppers Village Liquors North End Depot, at 105 East Reynolds Road, Lexington, Kentucky.

Shoppers Village operates a number of package liquor and beer outlets in Fayette County, one of such outlets being located at 569 New Circle Road, Northeast. The present application amounts to a transfer of the licenses of the New Circle Road location to the Reynolds Road location by an abandonment of the older licenses upon the

issuance of new licenses for the Reynolds Road location. Cf. Louisville Retail Package Dealers Association v. Shearer, 313 Ky. 316, 231 S.W.2d 47 (1950).

The applications were summarily denied by the Distilled Spirits and Malt Beverage Administrators who, after reciting the provisions of KRS 243.450(2) as their authority for so doing, refused to grant the licenses because "protests have been filed in this office against the issuance of these licenses."

Shoppers Village appealed the ruling of the administrators to the ABC Board which conducted a hearing.

█ The only protestant of record at the hearing before the Board was T-Bird Liquor and Wine Shop. William H. Beck, an attorney of Lexington, appeared as counsel for protestants who neither testified nor were identified. In view of the conclusion that we have reached, no one has been prejudiced by the fact that the protestants represented by William H. Beck were not identified. However, in order for such protestants to have standing before an administrative board or a court, it is necessary that they be identified and their names entered on the record.

The Board denied the issuance of the licenses upon the following findings of fact and conclusions of law:

"1. The premises for which the licenses are sought are located in a shopping area in which there are now six retail liquor outlets.

2. There are sufficient retail package liquor and retail beer outlets to serve the area in which the premises for which the licenses are sought are located.

## CONCLUSIONS OF LAW

There was sufficient evidence presented at the hearing to sustain the refusal of the Honorable Bernard Keene, Distilled Spirits Administrator, and the Honorable John W. Crimmins, Malt Beverage Ad-

ministrator, to approve the application for a retail beer license and a retail package liquor license to the applicant for the premises applied for."

Shoppers Village appealed the ruling of the Board to the Franklin Circuit Court and the court, after considering the record, reversed the order of the Board and directed that it issue forthwith the licenses applied for by Shoppers Village. The court found that there was no evidence of substantial probative value to support the order of the Board.

One of the witnesses at the hearing was Mike Dolan. After the appeal was taken to the Franklin Circuit Court, Mike Dolan et al., who said they were protestants at the hearing, moved the court to permit them to intervene as parties-appellees, and an order was entered to that effect. However, the notice of appeal to this court is to the effect that the intervening appellee below, Mike Dolan, is the appellant. Therefore, the Alcoholic Beverage Control Board and the Distilled Spirits and Malt Beverage Administrators are not parties to this appeal.

Dolan, in seeking reversal, poses two questions:

(1) "Does the Alcoholic Beverage Control Board, through its Chairman, Distilled Spirits Administrator, and Malt Beverage Administrator, have the authority, pursuant to KRS 241.060(2), to restrict and regulate the location of its license holders?"

KRS 241.060(2) grants the Board the right "to limit in its sound discretion the number of licenses of each kind or class to be issued in this state or any political subdivision, and restrict the locations of licensed premises. To this end the Board may make reasonable division and subdivision of the state or any political subdivision into districts. Regulations relating to the granting, refusal and revocation of licenses may be different within the several divisions of subdivisions; * * *."

█ The statute in itself answers the question propounded by Dolan. We have

been unable to find any regulations or actions on the part of the Board whereby it has made any effort to implement the authority granted by this section. Without such regulations or guidelines, we are unable to hold that the action of the Board in refusing to grant the licenses was a valid exercise, or any exercise, of the authority granted by the statute. For this reason, there is no merit in Dolan's argument that the action of the Board was permissible under the authority granted by KRS 241.060 (2).

(2) "Under the facts of this case, was there evidence of sufficient probative value to support the order of the Alcoholic Beverage Control Board denying the licenses applied for by appellee?"

■ Dolan here relies upon KRS 243.-450(2) which permits a state administrator to refuse a license for any reason which he, in the exercise of his sound discretion, may deem sufficient. The administrator does not have the absolute authority to refuse a license, for his denial must be based upon the exercise of sound discretion and it must be for a cause reasonably related to the propriety of granting the license.

The evidence of the protestants was supplied by four witnesses. Dick Rushing was a neighbor to a liquor store located near Mr. Wiggs store on Nicholasville Road. He stated that he was appearing and testifying at the request of the neighboring owner, as he had told the owner that his particular area was being adequately served. He admitted knowing nothing about the area in general but merely stated that no additional stores were needed in his location. One would be willing to concede that if he lived next door to a liquor outlet he would not see the need for an additional liquor outlet in the near vicinity.

Dolan, the sole appellant, is manager of Lansbrook Shop, Inc., which is a liquor and beer outlet located a short distance from the proposed Shoppers Village store. He states no basis for his expressed opinion that the area is being adequately served by retail outlets. Although he said that he volunteered to testify, he admitted that his voluntary action was motivated by the fear that Lansbrook would lose business to the new store.

Kloama Watts testified at the request of a Mr. Bowen who owns T-Bird Liquor and Wine Shop. Her testimony was to the effect that she lived and shopped in the general area of the Lansbrook Shop. She shopped for liquor at the Lansbrook Shop and stated that in her opinion the particular area in which she lived was being adequately served at the present time. She knew nothing of the area in general but did admit that she would not have any objection to another store. One gets the impression that her testimony of adequacy of service is based upon the convenience of the store she patronizes.

Finally, Worley Ray Sprinkle, an employee of A & B Liquor Store, testified that he was familiar with the liquor stores in the area and upon that basis, the area was now being adequately served by retail liquor and beer outlets. He admitted that he was testifying at the request of his employer.

■ This is all of the evidence heard by the Board on behalf of the protestants, all of which when put together does nothing but state an ultimate conclusion that the area is being adequately served by the present retail outlets. No reasons were given other than the familiarity of the witnesses with the location of other liquor outlets in the area. It will be noted that the Board based its refusal upon the fact that there were six retail liquor outlets in the shopping area where Shoppers Village was seeking to locate. Apparently, the number of outlets in the area was the controlling factor insofar as the Board was concerned. However, the number of stores in an area is not the magic formula upon which to base a refusal. Many other factors are involved, none of which was considered or passed upon by the Board.

For example, it would seem that in addition to the number of stores in a shopping area it might be well to consider such things as the population of the area, the potential of future growth, the type of area involved, the type of transportation facilities available, and even the financial potential of an area.

There is no showing in this record of any reasonable grounds upon which the Board refused to issue the licenses, and as a consequence the refusal of the Board was an abuse of its discretion. Bickett v. Palmer Ball, Ky., 470 S.W.2d 341 (1971); Palmer Ball v. Esquire Liquors, Ky., 490 S.W.2d 472 (1973).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

PALMORE, C. J., and MILLIKEN, OSBORNE, STEINFELD, and STEPHENSON, JJ., concur.

REED, J., concurs in result only.