## Kerr v. City of Louisville et al.
### (Decided Dec. 7, 1937.)

EDWARD P. HUMPHREY for appellant.

LAWRENCE S. POSTON and H. O. WILLIAMS for appellee City of Louisville.

SELLIGMAN, GOLDSMITH, EVERHART & GREENEBAUM for appellee University of Louisville.

WM. T. BASKETT for appellee Board of Education.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

Robert M. Kerr instituted this action in the Jefferson circuit court against the City of Louisville, a municipality of the first class; Neville Miller, the mayor thereof, and the individual members constituting the Board of Aldermen; the Board of Education and the individual members thereof; the University of Louisville and the individual members constituting the trustees of the University, for the purpose of enjoining and restraining the enforcement of an act of the Legislature enacted at the Fourth Special Session of the

General Assembly of Kentucky, beginning on the 23d day of December, 1936, and ending on the 16th day of January, 1937 (chapter 15), to have the act declared void on the ground that it violated various provisions of the Constitution of Kentucky. This act only applies to cities of the first class. It may be found in sections 2863-1 to 2863-13, inclusive, Baldwin's Supp. of Carroll's Kentucky Statutes (1937). A general demurrer was interposed to the petition of Kerr, wherein he sought a temporary injunction restraining appellees from enforcing the act. The injunction was refused by the court. The demurrer was sustained and the petition dismissed. From that judgment this appeal is prosecuted.

Appellant insists that the provisions of the act are in violation of sections 1, 2, 3, 5, and 26 of the Bill of Rights, and of sections 23, 27, 28, 80, 93, 107, 160, 165, 167, and 192 of the Constitution of Kentucky.

It is a firmly settled law that all doubts as to the constitutionality of an act of the Legislature must in all cases be resolved in favor of its validity.

In order to save time and prevent an unnecessary extension of this opinion, attention is directed to the case of Stickler v. Higgins et al., 269 Ky. 260, 106 S. W. (2d) 1008, where this court passed upon the question that involved an act passed at the Fourth Special Session of the 1936-37 General Assembly (chapter 14), where the same attack was made on the act, repealing the law combining the offices of sheriff and jailer, because the passage of the law was in violation of section 80 of the Constitution. After a full, careful, and thorough consideration, we reached the conclusion that section 80 of the Constitution was not violated. The conclusions reached in that opinion are applicable to the attack made in this case, so far as section 80 of the Constitution is concerned. That opinion is referred to as a complete answer to the attack in the instant case, that the statute under consideration is void because in violation of section 80 of the Constitution.

The parts of the act attacked as violative of the provisions of the Constitution referred to are as follows:

Section 2 of the act (Ky. Stats. Supp. 1937, sec. 2863-2) reads in part as follows:

"There shall be created and established in cities of the first class a personnel commission to be governed by a board of five commissioners, said board to be composed of two members to be appointed by the Board of Trustees of the largest municipal university located in the said city, two members to be appointed by the Board of Education of said city and the Mayor of the said city shall be a member of the said commission ex officio. Each personnel commissioner appointed hereunder shall serve for a term of four years except for those first appointed under this act, which shall be for terms of one, two, three and four years respectively. The Board of Trustees of the largest municipal university of said city shall appoint those personnel commissioners whose terms expire at the end of the first and third years respectively and shall appoint all successors to such personnel commissioners. The Board of Education of said city shall appoint those personnel commissioners whose terms expire at the end of the second and fourth years and shall appoint all successors to such personnel commissioners."

Section 3 of the act (Ky. Stats. Supp. 1937, sec. 2863-3) reads as follows:

"The personnel commissioners shall employ a personnel director, which personnel director shall be a person thoroughly in sympathy with the merit system and with the administration of personnel, and skilled therein, and shall be a person of recognized character and ability.

"The personnel director may be removed only for cause and after public hearing by the personnel commissioners and after at least ten days notice shall have been given to the said director, which notice shall contain a copy of charges preferred against him.

"The compensation of said personnel director shall be fixed by the personnel commissioners and approved by the legislative body of said city. The personnel director shall set up and direct the actual work of the personnel commission and perform such other functions as may be required of him by the personnel commissioners and shall appoint such assistants to the administrative staff of the per-

sonnel commission as may be necessary to carry out the provisions of this act."

Section 4 (Ky. Stats. Supp. 1937, sec. 2863-4) reads in part as follows:

"The personnel commission shall, after public notice and hearing, make, promulgate and, when necessary, amend rules for the appointments, transfer, laying-off, reinstatement, promotion, demotion, discharge and suspension of all employees of the personnel commission and of the Department of Public Health and Public Welfare (excepting, however, the Director of Public Health and his private secretary, the Director of Public Welfare and his private secretary, resident medical staff, University visiting staff and student nurses) which employees hold positions requiring technical training, special experiences and administrative responsibilities as set forth in this act, or included under its provisions by appropriate action of the Board of Aldermen of such cities; and for the classification of such employees for appointment, promotion and transfer and shall report its proceedings and rules to the legislative body, the Mayor and the Director of Public Welfare and the Director of Public Health."

Section 8 (Ky. Stats. Supp. 1937, sec. 2863-8) reads in part as follows:

"The provisions of this act may be extended by city ordinance to include additional positions or classes of positions in the Department of Health and the Department of Welfare and in any other departments of cities of the first class except the Divisions of Police and Fire in the Department of Safety. And it is further provided that any independent agency of the city government may adopt the provisions of this act for such positions or classes of positions in such agency as the governing body of such agency may designate, and when the provisions hereof shall have been so extended by city ordinance or by action of the governing body of any independent agency then all of the provisions of this act shall be applied to such positions in such departments or agencies the same as if originally included herein; the effective date of any extension of the provisions of this act to in-

clude additional positions or classes of positions shall be considered as the effective date of this act for such positions or classes of positions."

It is contended that those sections violate sections 160, 165, and 167 of the Constitution and section 26 of the Bill of Rights.

We note that the personnel commission to be appointed under the terms of the act is to consist of five members; two are to be appointed by the trustees of the largest university in the City of Louisville; two by the members of the Board of Education of the city; and the mayor of the city is to be ex-officio the fifth member.

Section 160 of the Constitution, after making provision for the election of mayors and members of legislative bodies of the city, and other officers, provides further as follows:

"But other officers of towns or cities shall be elected by the qualified voters therein, or appointed by the local authorities thereof, as the general assembly may, by a general law, provide; but when elected by the voters of a town or city, their terms of office shall be four years, and until their successors shall be qualified."

It is contended that neither the Board of Education of the City of Louisville, nor its members, nor the Board of Trustees of the University of Louisville, are local authorities of the city, as two members of the personnel commission are to be appointed by the Board of Education and two by the Trustees of the University of Louisville, the largest municipal university in the city. The act in that respect is in violation of sections 160, 165, and 167 of the Constitution. The reason given for that contention is, that the Board of Education are state officers, as are also the trustees of the University. It is true in a sense, the members of the Board of Education are state officers, because they deal in certain particulars in the management and control of the public schools, which are state institutions. Still, it does not follow that the additional duty imposed upon them by this act, giving them the power of appointing two members of the personnel commission, renders the act violative of that section. The phrase "local authorities thereof" as appears in section 160 covers much territory, and is very comprehensive. Such words should not be given a narrow or limited meaning. It is true

the duties of the Board of Education in the main are that of officers of the State, still in another sense they are local authorities. They are elected by the qualified voters of the city. The schools over which they give their attention are situated in the city, and their duties are connected with the general welfare of the citizens of the city. They are elected under the provisions of sections 4399-1 et seq., Kentucky Statutes.

The appointing power does not in any way reduce, subtract from, modify, or add to their duties as state officers, nor does it affect in any way their duties to the public schools of the State. The Legislature necessarily had in view the general welfare of the municipality because members of the Board of Education are generally recognized as being public spirited and deeply and profoundly interested in the public health and welfare of the citizens of the community; in this instance, the general welfare of the most populous city of the State no doubt was considered by the Legislature in giving the appointing power to the Board of Education and the trustees of the University.

Counsel practically concedes that sections 160, 165, and 167, when read and considered together, authorizes the personnel commission, set out in the act, to be appointed by the local authorities of the municipality.

We have been unable to find where any court has undertaken to define just what the words "local authorities" mean as used in the Constitution, and counsel has called our attention to none.

We hold that "local authorities," as used in section 160 of the Constitution, should not be so limited in meaning as to preclude the Legislature from imposing a power or authority upon the Board of Education and the members thereof to make the appointment of two members of the personnel commission. We are unable to see in what way this authority makes the act unconstitutional.

As to the trustees of the University of Louisville, conceded to be the largest university in the municipality, being authorized under the act to appoint two members of the personnel commission, there can be no doubt they are citizens of the city, legally appointed by the mayor and general counsel, as provided by section 2948b-1, Kentucky Statutes. Their duties are confined entirely to the city. They are compelled to make re-

ports annually to the mayor and general council of the city. They are beyond question local authorities of the city. The General Assembly certainly had power to confer on them the authority of appointing two members of the personnel commission.

Counsel further contends that the power of appointment, given under the act, to the Board of Education and the trustees of the University, is in violation of section 165 of the Constitution, in another respect, which is as follows:

"No person shall, at the same time, be a state officer or a deputy officer, or a member of the general assembly, and an officer of any county, city, town, or other municipality, or any employee thereof; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities, except as may be otherwise provided in this Constitution; but a notary public, or an officer of the militia, shall not be ineligible to hold any other office mentioned in this section."

It is contended that the power given to the Board of Education and the trustees of the University to make this appointment causes them to hold two offices; one as state officers; and the other officers of the municipality. We see no merit in that contention.

The act only gives the Board of Education and the trustees of the University power to appoint two members each. The power to appoint, as before stated, cannot be construed to make the Board of Education and the trustees of the University hold two incompatible offices. This question is fully settled in Coleman, Auditor, v. Hurst, 226 Ky. 501, 11 S. W. (2d) 133, 136.

In that case we said:

"The truth is that many public officials hold membership on boards and commissions when the duties are not incompatible, and their right to hold the office and also membership on the board of commission has never been doubted. The Attorney General, by virtue of his office, is not only Attorney General of the commonwealth of Kentucky, but he is a member of the Sinking Fund Commission for the state of Kentucky, also a member of the Printing Commission and for many years also a member of the State Board of Education. The secretary of state is likewise a member of each of the commis-

sions and the board mentioned. The Governor is a member of the State Highway Commission, the State Board of Charities and Corrections, the Sinking Fund Commission, the Printing Commission, and many other boards and commissions. The county judge of a county is not only county judge, but he is judge of the juvenile court, judge of the quarterly court, and a member of the fiscal court.''

In fact, the test of incompatibility, under section 165, is clearly set out in Barkley v. Stockdell et al., 252 Ky. 1, 66 S. W. (2d) 43, 44, where the court said:

"Aside from any specific constitutional or statutory prohibitions, incompatibility depends on the character and relation of the offices and not on the matter of physical inability to discharge the duties of both of them. The question is whether one office is subordinated to the other, or the performance of one interferes with the performance of the duties of the other, or whether the functions of the two are inherently inconsistent or repugnant, or whether the occupancy of both offices is detrimental to the public interest. McQuillin on Municipal Corporations, sec. 469; 22 R. C. L. 412; Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122.''

Applying those rules, there can be found no conflict between the duties of these boards and the appointing power given under this act.

It is contended that the act is in violation of section 192 of the Constitution, but we find no merit in that contention. That section provides:

"No corporation shall engage in business other than that expressly authorized by its charter, or the law under which it may have been or hereafter may be organized, nor shall it hold any real estate, except such as may be proper and necessary for carrying on its legitimate business, for a longer period than five years, under penalty of escheat.''

Counsel overlooks the fact that section 192 applies only to private corporations, but does not in any way apply to the Board of Education or to the trustees of the University of Louisville. The University of Louisville is not a corporation contemplated by that section. It is only a public institution supported by taxation. The Board of Education is not included among the corporations described in that section. That section ap-

plies only to corporations organized under the law, but not to public institutions of the character of the Board of Education or the trustees of the University of Louisville.

It is insisted that the statute violates sections 23, 93, and 107 of the Constitution, and section 2 of the Bill of Rights, because it is provided that members of the personnel commission may remove the director, that they are authorized to appoint, for cause, when he is proven to be for any reason unfitted for the position, and because the office may be held during good behavior.

Sections 93 and 107 have no bearing whatever on the Personnel Commission Act. Section 93 relates entirely to the term "Inferior State Officers," and to certain named state officials, who are ineligible for office. Section 107 provides for the terms of certain county and district officers. Section 2 of the Bill of Rights relates to "absolute and arbitrary power over the lives, liberty and property of freemen." A ministerial officer like the director, who is removable for cause, cannot be considered in this category.

Section 23 of the Constitution provides as follows: *"Title of nobility, or office for term of years.—* The general assembly shall not grant any title of nobility or hereditary distinction, nor create any office, the appointment of which shall be for a longer time than a term of years."

The case of City of Louisville v. Ross, 138 Ky. 764, 129 S. W. 101, 102, refutes the contention made by appellant. In that case we said:

"The city pleaded as a defense to the action of appellee that the act under which he was appointed, and which is called the metropolitan police bill, is invalid because it authorizes the appointment of policemen for a longer time than a term of years, and that this is in violation of section 23 of the Bill of Rights, which forbids the General Assembly to create any office, the appointment of which shall be for a longer time than a term of years. There would be great force in this contention if the section of the Bill of Rights was the only provision in the Constitution concerning the matter in hand. But section 23 must be read in connection with section 160 of the Constitution, which provides specifically for the terms of office and the manner of election

and appointment of various municipal officers, and then provides as follows: 'But other officers of town or cities shall be elected by the qualified voters therein, or appointed by the local authorities thereof, as the General Assembly may, by a general law, provide; but when elected by the voters of a town or city, their terms of office shall be four years, and until their successors shall be qualified.' Now, it will be observed that the last sentence of the quotation provides specifically the term of all officers who are to be elected by the people, but, very significantly, we think, is silent on the subject of the term of appointive municipal officers. After giving the matter a full consideration, we have reached the conclusion that it was not intended by the framers of the Constitution to limit the appointment of municipal officers to a term of years, but to leave to the Legislature and the general council of cities the power to create minor municipal offices and to appoint officers to them who may hold either during good behavior or the pleasure of the appointing power, as the law may direct. * * *

"On the other hand, by limiting the language of section 23 of the Bill of Rights so far as it relates to cities to the greater municipal offices, the incumbents of which are elected by the people, every substantial result desired by the framers of the Constitution will be secured. It is true, in the opinion in Neumeyer v. Krakel, 110 Ky. 624, 62 S. W. 518 [23 Ky. Law Rep. 190] there is a doubt expressed as to whether or not the act in question was constitutional, for the reason urged by appellant here; but it is not decided. The court merely suggest it, and then expressly withhold a decision by saying that the question is not presented by the record under consideration."

The right to remove the director when he is found to be unfitted for the place brings such director squarely within the exceptions set out in the foregoing opinion.

It is contended that section 8 of the Act (Ky. Stats. Supp. 1937, sec. 2863-8) violates sections 27 and 28 of the Constitution in this: That the Legislature delegates improperly its powers to the city council of Louisville, by authorizing it to extend the provisions of the act to other city departments. We see no merit in that contention.

It is asserted by counsel that the Legislature has given to the aldermen of the city the power to extend by ordinance to include other departments of the city, except the division of police and fire in the department of safety; that any independent agency of the city may adopt the provisions of the act as extended by the city ordinance, and in that it confers upon the Board of Aldermen the right to amend and enlarge the act of the Legislature, and in that respect is a delegation of legislative power. No such construction can be placed upon the act. Should it be conceded that section 8 is unconstitutional, which in our opinion it is not, appellant could not by this proceeding attack it, because the city council cannot be enjoined from the exercise of a legislative function until it undertakes to pass an ordinance and thereby violate that provision of the constitution.

It is true the legislative department has no right to deputize to others the power to perform its governing functions. That principle is well settled.

In the case of Brown et al. v. Holland et al., 97 Ky. 249, 30 S. W. 629, 633, 17 Ky. Law Rep. 149, this court said:

"The general rule that the legislature cannot deputize others to perform its governing functions is well settled. Cooley, Const. Lim. (6th Ed.) 137. It, however, may delegate to municipal and other public corporations some portion of its own powers for local purposes, the general rule being that it may authorize others to do things which it might properly, yet cannot understandingly or advantageously, do itself.' 19 Am. & Eng. Enc. Law, 464, and cases there cited. In Thompson v. Floyd, 2 Jones ([47] N. C.) 313, cited by Mr. Sutherland in his work on Statutory Construction (section 70), it is said: 'Neither is it necessary for us to consider the general question whether the general assembly can delegate any portion of its legislative functions to any man or set of men acting either in an individual or corporate capacity. That it may has been too long settled and acquiesced in by every department of the government and by the people to be now disputed or even discussed.' "

In this instance, the Legislature has fully stated what the law is and has provided only that the Board

of Aldermen may, in its discretion, extend the provisions of the act to other departments of the city. This is in no respect any violation of sections 27 and 28 of the Constitution. However, we think this action is premature so far as it seeks to enjoin the Board of Aldermen from passing an ordinance in the extension of this act, because no action has been taken by the city council to pass an ordinance.

In the case of Slade v. City of Lexington (Ky.) 121 S. W. 621, 622, the court said:

"The legislative power of the city is vested in the council, and within its sphere the council is entitled to the same respect from the courts as the state Legislature would be in a matter within its jurisdiction. The courts will refuse to carry into effect a void ordinance, and they will enjoin its enforcement, but they will not entertain jurisdiction to enjoin the council from considering a matter within its jurisdiction."

In Craig v. O'Rear, 199 Ky. 553, 251 S. W. 828, 831, this court said:

"Therefore when we say that the Legislature may not delegate its powers, we mean that it may not delegate the exercise of its discretion as to what the law shall be, but not that it may not confer discretion in the administration of the law itself. In re Chapman, 166 U. S. 661, 17 S. Ct. 677, 41 L. Ed. 1154."

We have reached the conclusion that the judgment of the circuit court is correct.

Judgment affirmed.

Whole court sitting.