## Shearer et al. v. Dailey.

February 10, 1950.

W. B. Ardery, Judge.

William A. Young and G. L. Tucker for appellants.

Philip P. Ardery for appellee.

CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment declaring void a liquor license order of the Alcoholic Beverage Control Board.

In October, 1948, Clarence Harrod applied to the Franklin County Alcoholic Beverage Administrator for a license to operate a retail package store near Frankfort. Upon objections being raised, public hearings were held by the Board. The principal protest was on behalf of the Kentucky State College. On December 27, 1948,

the Board entered an order authorizing the issuance of a license to the applicant. On the same day it entered a separate order increasing the Franklin County quota for retail package liquor licenses from 16 to 17, and this same order included another authorization for the issuance of the particular license to the applicant.

An appeal was taken to the Franklin Circuit Court from the first order entered on December 27. Thereafter the second one was made a part of the record. We construe the judgment as denying the right of the Board to issue the license under either order. For the purposes of this appeal we think it proper to treat both orders as one, which attempted to accomplish a two-fold purpose, i. e., (1) increase the Franklin County quota, and (2) grant the applicant a license.

As of December 27, by virtue of a former regulation of the Board, the quota for retail package liquor licenses had been fixed at 16, and that number of licenses had already been issued. There was then, at that time, no vacancy. Until such time as the limit was increased by proper action of the Board, by virtue of its then existing regulation it was without authority to issue another license.

The attempted increase in the quota on December 27 could not become effective on that date. KRS 13.020 provides that no regulation of a state agency shall become effective until the original and two copies are filed in the office of the Secretary of State. This was not done until January 7, 1949.

The order of December 27, insofar as it authorized the issuance of a license, had become effective prior to January 7. Assuming that part of the order could properly be entered on December 27, it became effective ten days thereafter under the provisions of KRS 243.-580. This would be no later than January 6. As of that date the then existing quota, which was filled, prevented the issuance of this additional license.

The only escape from the above conclusion is to recognize the Board is not bound by its own regulations. While under KRS 241.060 the Board is authorized to adopt reasonable regulations which need not be uniform in their application, and though it has a broad discretion in the administration of alcoholic beverage control,

the rules it promulgates must certainly conform to some standard and must have some stability of operation.

As stated in Deckert et al. v. Levy, 308 Ky. 67, at page 71, 213 S. W. 2d 431, 433: "From its beginning to its end, the Alcoholic Beverage Control Act, chapter 241 of the Statutes, contemplates that its administration, except where there is specific statutory law or direction, shall be by and under regulations which set up standards of action that there may be uniformity and stability. Such regulations are given the force of law, in a large measure. Without promulgation of rules and conditions there is no guidance either for the officers or the public, particularly for those who come or desire to come within the operation of the statute."

In that case we held that the Board was without authority to issue a retail beer license which exceeded a local quota fixed by a city, in the absence of a Board regulation specifying a larger quota. In other words, the Board could not automatically increase the number of authorized outlets simply by issuing a license.

The iniquitous features of the procedure here adopted are plainly evident. When the application was filed, the regulation then effective forbade the issuance of this type of license. Other potential applicants were barred by the existing quota limitation. Subsequently the Board undertook to let down the bars just long enough to allow the applicant to slip through. Permitting such practice would acknowledge the arbitrary power of the Board to disregard its own regulations at will and administer the law for preferred private persons. While there is no hint in this record that the Board did not act in perfectly good faith, the possibilities of abuse are too significant to be ignored.

It is our conclusion the Board is bound by its own quota regulations, and until such regulations have been effectively changed according to law, it may not authorize the issuance of a new license in excess of the limit so fixed. It was, therefore, without power or authority to grant the license by its orders of December 27.

For the reasons stated, the judgment is affirmed.