## Reinsperg v. Reed

Oct. 17, 1950.

W. B. Ardery, Judge

684

Harris W. Coleman for appellant.

Charles E. Keller for appellee.

JUDGE HELM—Reversing.

The appellant, Robert H. Reinsperg, 307 St. Catherine Street, Louisville, applied to A. J. Bartholomew, Alcoholic Beverage Administrator of the City of Louisville, for an alcoholic malt beverage license for the premises located at 238 Central Avenue, Louisville. After a hearing at which protestants testified, the City Administrator denied the application for the following reasons: (1) There are at the present time sufficient outlets in the community of the above-described premises for the sale and consumption of alcoholic beverages; (2) the appellant has failed to show that he has any financial interest in the premises except the lease filed which, in the opinion of the Administrator, is not binding on all the parties thereto; and (3) the above premises have heretofore been conducted in such a manner as to create a police problem in the City of Louisville.

Appellant appealed from the order of the City Administrator of Louisville to the Alcoholic Control Board of the State of Kentucky. At a hearing before the Board at Frankfort on January 17, 1949, numerous protestants were present. Mr. Bartholomew, City Administrator, stated that he had denied appellant's application; stated the reasons, as above outlined; enlarged upon the third by naming "four locations" now having a license to dispense alcoholic malt beverages within a block and a half or two city blocks of 238 Central Avenue. The witness stated that the premises at 238 Central were formerly known as the Sycamore Cafe, a place said to have been controlled and owned by the Goose brothers, and premises where the maintenance of a nuisance had been enjoined. See, Goose v. Commonwealth, 1947, 305 Ky. 644, 205 S.W.2d 326.

The Chief of Police of Louisville, Carl Heustis, told of his experience with the location at 238 Central

Avenue, formerly the Sycamore Cafe; stated that the general reputation of the premises is bad; that when a location once acquires such a reputation, the reputation "sticks to it." It is his experience that operation by another person usually does not change such a reputation.

Appellant, W. M. Reed, President of the American Air Filter Company, which has a plant near 238 Central Avenue with some 800 employees, and numerous other witnesses, stated that the general reputation of the premises formerly known as the Sycamore Cafe is bad, and protested the granting of the license.

By agreement of the parties, a copy of the lease above referred to was made a part of the record. It purports to be between Roscoe T. Goose and Robert H. Reinsperg for lots and improvements at 238 and 240 Central Avenue, Louisville, "until June 30, 1950." It is signed by Robert H. Reinsperg and witnessed by L. M. Goose. The signature of Roscoe T. Goose appears immediately before the words: "In testimony whereof we have affixed our signatures, the day and year above written."

Appellant stated that he had an arrangement with Roscoe Goose, owner of the building; that he asked Goose what he was going to do with the place; Goose told him "nothing." Appellant advised him he would like to lease it; Goose told him "All right. I will make out a lease and date it when you get the license." Appellant says he is not paying rent; he expects to have a restaurant with good food, and a bar with beer; he does not "intend to have any gambling in that place"; he is a retired sailor with 32 years service; he is retired on a pension; he is leasing the entire premises; it has two floors, with three rooms upstairs. Asked as to what he was going to do with the upstairs rooms, he responded, "Nothing. Possibly store something in there." He retired from the service in 1944. Asked as to what he had been doing since, he replied, "Practically nothing. Looking around to see what is going on. Trying to go into some business with some capital."

The State Board overruled the City Administrator and allowed appellant a "retail malt beverage license for the fiscal year 1948-49," for premises located at 238

Central Avenue, Louisville. Appellee appealed to the Franklin Circuit Court. That Court, reversing the Board, said: "The order of the said Board is set aside and held for naught for the reason that the Board acted in excess of its powers when it granted the license to said Reinsperg who was not then the owner of the property licensed nor in possession of it under a valid and duly executed lease."

Appellant, appealing says:

"We have two points to make with reference to the lower court's decision.

"First, that under the terms of the statute the order of the Alcohol Board was valid even though no lease at all had been executed.

"Secondly, the lease actually executed is a valid lease."

KRS 243.220 (1) provides: "No license for the sale of alcoholic beverages at retail shall be issued for any premises unless the applicant for the license is the owner of the premises or is in possession of the premises under a written lease for a term of not less than the license period." The Board, on March 21, 1949, in overruling the City Administrator, ordered that a retail malt beverage license be issued to appellant for "the fiscal year 1948-49." We have examined a copy of the lease filed with the record. Roscoe Goose, the owner of the premises, signed the lease at the end, except for the words: "In testimony whereof we have affixed our signatures * * *." The period of the lease was "until June, 1950." We believe the lease substantially complies with the statutory requirement for the fiscal year 1948-49.

Appellee maintains that the Board did not have the statutory right to review this case where the license has been denied by the City Administrator, because KRS 243.370 provides: "If an applicant proposes to do business in a county or city in which a county or city license is required for the manufacture, sale or transportation of alcoholic beverages, he shall be ineligible to apply for a state license unless his application for a county or city license has first been approved by the county administrator or city administrator."

But, KRS 241.200 provides: "Appeals from the orders of each city administrator may be taken to the board, by filing with the board within ten days a certified copy of the orders of the city administrator. Matters at issue shall be heard by the board as upon an original proceeding. * * *"

KRS 243.550, governing the conduct of hearings by the Board, provides: "Hearings upon appeals from orders of * * * a city administrator, * * * shall be held by the board. * * * The board shall control the introduction of evidence and shall hear all arguments of the parties or their counsel as it or he deems necessary or appropriate. The procedure on such hearings shall be summary and in accordance with the regulations of the board. A record of the orders appealed from or the charges filed, of the evidence heard and of all steps taken, shall be kept by the board. * * *"

KRS 243.560 provides for appeals from the finding of the Board to the Franklin Circuit Court. KRS 243.590 provides for appeal to this Court. KRS 243.570 sets out the procedure on appeal to the Franklin Circuit Court, and provides:

"* * * Its review shall be limited to determining whether or not:

"(a) The board acted without or in excess of its powers;

"(b) The order appealed from was procured by fraud;

"(c) If questions of fact are in issue, whether or not any substantial evidence supports the order appealed from."

There is no plea or suggestion of fraud in the hearing before the Board. The wording of KRS 243.570, quoted above, is similar to the provision for appeals in Workmen's Compensation Board cases. 19 West Kentucky Digest, Workmen's Compensation, 1939.

As appears from the statutes above referred to, and as we said in Kentucky Alcoholic Beverage Control Board v. Klein, 301 Ky. 757, 192 S.W.2d 735, 737: " * * * It is universally recognized that wide discretion must be granted to boards and commissions created for the purpose of regulating the liquor business. * * *"

From the record we cannot say that the Board acted without or in excess of its powers in granting the license. It is shown that the general reputation of the Sycamore Cafe premises is bad. But it appears that appellant has had no connection with the operation of the premises. He is a retired sailor, has a pension; says he will permit no gambling on the premises; no question has been raised as to his good character. The Board saw and heard him. Although we might have reached a different conclusion if we had been members of the Board, we are unable to say that there is not any substantial evidence to support the order of the Board.

The judgment is reversed for proceedings not inconsistent with this opinion.