## KRENITZ et al. v. BARON.

Court of Appeals of Kentucky.
June 20, 1952.

As Modified on Denial of Rehearing
Oct. 24, 1952.

Harry D. France, Louisville, Larry Tucker, Frankfort, Ky., for appellants.

Edward C. Gallagher, Sidney Baer, Louisville, for appellee.

COMBS, Justice.

Joseph Krenitz, who holds a "by the drink" license to sell alcoholic beverages at 802 South Clay Street in Louisville, applied for a license to sell the same products by the package at the same premises. Joseph M. Baron, appellee, who holds a package license for his place of business directly across the street from Krenitz' premises, protested the granting of the license. The Alcoholic Beverage Administrator of the City of Louisville (hereafter referred to as ABA), and the State Alcoholic Beverage Control Board (hereafter referred to as the ABC Board) approved the application. Baron appealed to the Franklin Circuit Court. That court reversed the order of the ABC Board and directed that the application be disapproved.

The case hinges on the construction of the regulations of the ABA and the ABC Board, the latter regulations adopted pursuant to KRS 241.060. At various times since 1938 there has been in effect in the City of Louisville the so-called 700-foot rule, which originally provided:

"No such original license may. be granted for premises which are located within 700 feet, in any direction, of any other premises so licensed in the City of Louisville, except * * * (downtown section) * * *."

We will not attempt to trace the numerous amendments and exceptions to the regulations of the ABA (designated in the record as LABA–2, LABA–6, LABA–7, LABA–8, LABA–2, Amendment 2) which affect this question, but will accept as true the statement in appellants' brief that:

"There seems, in the past, to have been considerable confusion as to the validity of the various regulations and amendments thereby adopted by the City Alcoholic Beverage Administrators and the approval of the State Alcoholic Beverage Control Board. This situation has been remedied by the adoption of Order No. 268 of the Alcoholic Beverage Control Board as of July 24, 1950."

Order No. 268 readopts the 700-foot rule, but provides:

"* * * that it shall not apply to applications for retail package liquor licenses on file with the Alcoholic Beverage Control Board as of July 21, 1950, or to applications for which hearings have been assigned, or to applications which are now pending before the Franklin Circuit Court, or the Court of Appeals. The exceptions referred to shall be controlled by the Alcoholic Beverage Control Board Order No. 205."

In view of the provisions of this order, it is necessary for us to determine only whether Krenitz' application was on file with the ABC Board or had been assigned for hearing on or before July 21, 1950 within the meaning of Order No. 268. The record shows that his application was lodged with the State Board sometime prior to July 7, 1950 and on July 7 he was advised by the Administrator of the Distilled Spirits Unit that his application was disapproved because: "You failed to obtain the approval of the local Alcoholic Beverage Administrator, Honorable A. J. Bartholomew." On July 11 Krenitz was notified by the ABC Board that his appeal to the full Board had been scheduled for hearing on July 26. On July 13 Mr. Bartholomew advised the ABC Board, by letter, that his office had taken no action on any application submitted by Krenitz, and that in his opinion an appeal could not properly be taken. On July 25 Mr. Shearer, Chairman of the ABC Board, returned the application to Krenitz' attorney and suggested that it be submitted to Mr. Bartholomew for his approval or disapproval. When the appeal was called for hearing on the following day, the record disclosed that Krenitz' application had been approved by Bartholomew. Presumably, this was done either on the afternoon of the 25th or the morning of the 26th.

KRS 243.370 provides:

"If an applicant proposes to do business in a county or city in which a county or city license is required for the manufacture, sale or transportation of alcoholic beverages, he shall be in- eligible to apply for a state license unless his application for a county or city license has first been approved by the county administrator or city administrator."

We held in Kentucky Alcoholic Beverage Control Board v. Klein, 301 Ky. 757, 192 S.W.2d 735, that action by the City Administrator was a mandatory condition precedent to valid approval by the State Board. KRS 241.200 provides that: "Appeals from the orders of each city administrator may be taken to the board, by filing with the board within ten days a certified copy of the orders of the city administrator." Also see Reinsperg v. Reed, 313 Ky. 683, 233 S.W.2d 412.

It appears from the record in this case that on June 16 the ABA wrote a letter to Krenitz' attorney in which it was stated:

"As the quota for alcoholic beverage licenses by the package for Jefferson County is full and due to the pending list already in this office, I have issued orders not to receive any further applications until we have been able to dispose of those now pending."

It is argued that this letter in effect was a rejection of Krenitz' application. We are unable to agree. Krenitz had a legal right to file his application. The ABA then had the choice either to approve it or disapprove it. But no legal action could be taken on the application without it first being filed. Even if it should be conceded that the letter from the ABA amounts to a rejection of the application, we are faced with the difficulty that no certified copy of the ABA's order was filed with the ABC Board as required by KRS 241.200. We conclude, as did the trial judge, that as a matter of law Krenitz' application was not on file with the State Board on July 21 within the meaning of Order No. 268. This apparently was the position taken by both the ABC Board and the ABA Board at that time, as is evidenced by Mr. Shearer's letter of July 25 and Mr. Bartholomew's letter of July 13, 1952. It follows that the ABC Board acquired no jurisdiction over the application and its action in assigning the case for hearing was a nullity.

The ABC Board must be governed by its own regulations and the application should have been disapproved. Although the ABC Board has broad discretion in the administration of alcoholic beverage control, and has authority to adopt reasonable regulations, the rules it promulgates must conform to some standard and must have some stability of operation. Shearer v. Dailey, 312 Ky. 226, 226 S.W.2d 955.

The judgment is affirmed.