**KENTUCKY BEER WHOLESALERS' ASSOCIATION, Incorporated et al., Appellants,**

v.

**GEORGE WIEDEMANN BREWING COMPANY, Incorporated et al., Appellees.**

Court of Appeals of Kentucky.

May 10, 1957.

Rehearing Denied June 21, 1957.

Strother Kiser, Lexington, for appellants.

Lewis Levy, Cincinnati, Ohio, Ben Fowler, Frankfort, Thomas P. Bell, Lexington, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court approving an order of the Alcoholic Beverage Control Board issuing a malt beverage distributor's license to the appellee, George Wiedemann Brewing Company.

The principal question presented by this appeal is whether a brewer may hold a brewer's license and a malt beverage distributor's license at the same time. In order to answer this query we must examine the pertinent sections of Chapter 243 of the Kentucky Revised Statutes. Reliance is placed by the appellants on KRS 243.150 which reads:

"A brewer's license shall authorize the licensee to engage in the business of a brewer at the premises specifically designated in the license, and to trans-

port for himself only any malt beverage which he is authorized by his license to manufacture or sell, but he shall transport such malt beverages in accordance with the requirements provided by KRS 243.120 for distillers. A brewer may sell any malt beverage produced under his license, at wholesale or retail, *from the licensed premises only,* and without any additional license." (Emphasis ours.)

Appellants contend that the words, "from the licensed premises only," mean that a brewer cannot lawfully hold a distributor's license which would authorize him to distribute beer from a place other than the brewery premises. However, we think this language describes the character of business a brewer is authorized to transact under a brewer's license. The last clause of the sentence, "and without any additional license," points up the fact that the meaning of this section is that a brewer may sell malt beverage produced under his license from the brewery premises without obtaining an additional license. It does not prohibit a brewer from obtaining a separate malt beverage distributor's license.

Another argument advanced by appellants to show that a brewer may not hold a distributor's license is the fact that KRS 243.110(2) provides that the holders of certain licenses may also hold other licenses, but there is no provision in KRS, Chapter 243 which specifically authorizes the holder of a brewer's license to obtain a distributor's license. The appellants are correct in saying that there is no provision in KRS, Chapter 243 authorizing a brewer to hold a distributor's license; but neither is there a provision which denies this right. KRS 243.110(1) expressly provides that each kind of license listed in KRS 243.030 (which pertains to distilled spirits and wine) is incompatible with every other license listed in that section. If the legislature had intended that a brewer's license and a distributor's license should be inconsistent with each other, then it would have

so stated. We can find nothing in KRS, Chapter 243 which prevents appellees from holding the distributor's license granted by the Alcoholic Beverage Control Board.

The appellants raise several other grounds for reversal which are primarily alleged errors of procedure in obtaining the distributor's license. We think it is enough to say that the appellee company substantially complied with the statutory procedure for obtaining this particular license. The record discloses no reversible error.

Judgment affirmed.

CAMMACK, J., dissenting.