**317**

**·OERTEL BREWING COMPANY et al.,**
**Appellants,**

v.

**Alfred S. PORTWOOD, Commissioner of**
**Alcoholic Beverage Control Board, et al.,**
**etc., Appellees.**

Court of Appeals of Kentucky.

Jan. 23, 1959.

Will Tom Wathen, Morganfield, for appellants.

Thomas P. Bell, Frankfort, for appellees.

MILLIKEN, Judge.

The question presented on this appeal involves a cardinal problem in Public Administrative Law—whether a regulation promulgated by an administrative agency exceeds the powers given the agency by the Legislature.

The trial court dissolved a temporary restraining order prohibiting the appellees, the Alcoholic Beverage Control Board, from enforcing a regulation of the Board prohibiting certain promotional activity, including "treating," by a brewer or beer distributor, and also denied a permanent injunction. The disputed regulation of the Board states:

"ABC:11:50 Promotion of Brands by Brewers and Distributors in Retail Stores Prohibited

"Relates to KRS 244.030

"The promotion by a brewer or distributor of any brand of malt beverages in a retail store, through salesmen, promoters, missionaries or agents sent or placed in the retail store, by the brewer or distributor for the purpose of promoting any certain brand of malt beverages is hereby prohibited. This does not affect solicitation of orders from the retail licensee, or the placing in the retail premises advertising material listed in section ABC 11:10.

"Filed, 1 Nov 1956; Effective, 1 Dec 1956."

The Board bases its authority to promulgate the regulation of the general regulatory powers delegated to the Board by the Legislature, KRS 241.060:

"Functions of board. (1) The board shall have the following functions, powers and duties:

"(1) To adopt reasonable regulations governing the procedure relative to applications for and revocations of licenses and relative to all other matters over which the board has jurisdiction, and for the supervision and control of manufacture, sale, transportation, storage, advertising and trafficking of alcoholic beverages. Regulations need not be uniform in their application, but may vary in accordance with reasonable classification."

The appellants contend that the regulation is not within the purview of the quoted statute. The most persuasive evidence that the regulation is not within the scope of the statute is the fact that the Legislature specifically prohibited such promotional activities on the part of distillers, rectifiers and vintners, KRS. 243.130(2), and on the part of any *retail* licensee of any form of alcoholic beverage, KRS 244.-050, but failed to do so in the case of brewers and beer distributors.

It is not necessary for us to assume that the omission was either intentional or unintentional upon the part of the Legislature, for the fact of the omission exists and as a consequence there is no specific statutory authority for the regulation which was promulgated by the Board. The Board may regulate generally under the provisions of KRS 241.060, where the regulation is within the limits set by statute, but the regulations adopted must not exceed the specific powers delegated to the Board by the Legislature. The enactment of specific statutory regulations in the field by the Legislature as to distillers, rectifiers, vintners and retail licensees dispels the notion that the Legislature impliedly delegated to the Board the power to legislate similarly as to brewers. For a summary of the law involved, see 42 Am.Jur., Public Administrative Law, Section 26; 73 C.J.S. Public Administrative Bodies and Procedure § 94, p. 413. The Legislature may fill the gap; the Board cannot.

The judgment is reversed with directions to the trial court to permanently enjoin the Board from enforcing Regulation 11:50.