Cletus ROPPEL, d/b/a Roppel's Market, et al., Appellant,

v.

Guy C. SHEARER et al., Members of and Constituting the State Alcoholic Beverage Control Board, Appellees.

Court of Appeals of Kentucky.

Feb. 6, 1959.

Heidenberg & Bossmeyer, Louisville, for appellant.

Thomas P. Bell, Frankfort, for appellees.

SIMS, Judge.

Cletus Roppel operates a grocery store in Louisville and is the holder of a permit to retail malt beverages which he insists he has the right to sell on credit and to deliver to his customers, just as he may charge to his customers and deliver to them any other items from his store. The State Alcoholic Beverage Control Board (hereinafter referred to as the Board) has promulgated regulations :2:90 and :8:60, which regulations prevent Roppel from selling malt beverages to customers on credit and from delivering same. Roppel brought this action in the Franklin Circuit Court to enjoin the Board from enforcing these two regulations. The court dissolved the temporary restraining order issued by the circuit clerk in the absence of the judge, refused to grant a permanent injunction against the Board, dismissed the complaint, and Roppel appealed.

This action contests the validity of the Board's regulations :2:90 and :8:60 promulgated under KRS 241.060. The pertinent part of this statute reads:

"The board shall have the following functions, powers and duties:

"(1) To adopt reasonable regulations governing the procedure relative to applications for and revocations of licenses and relative to all other matters over which the board has jurisdiction, and for the supervision and control of manufacture, sale, transportation, storage, advertising and trafficking of alcoholic beverages. * * *"

The Board's regulation :2:90 reads:

"A.B.C. :2:90 Retail Credit Sales by Brewer, Distributor and Retailer Relates to KRS 244.040 and KRS 244.050.

"No brewer, distributor or retailer of malt beverages shall sell,· deliver or give away, or cause, permit or procure to be sold, delivered or given away any malt beverages on credit, except that a bona fide private club or hotel holding a license may sell on reasonable credit to its members or registered guests. It is further provided that sales by brewers and distributors may be made on credit to private clubs or voluntary associations."

■ We quote the pertinent part of KRS 244.040 under which the Board insists it may prevent a retailer from selling malt beverages on credit.

"Sales for cash only.

"(1) No brewer, wholesaler or distributor shall sell any alcoholic beverages to any person in this state for any consideration except for cash paid at or before the time of delivery."

A mere reading of the statute just quoted shows it applies only to brewers, wholesalers or distributors of alcoholic beverages. This statute does not mention retailers of malt beverages, and it can have no application to such retailers. As will later appear, there is quite a difference between a distributor and a retailer.

The other statute relied upon by the Board as authority for adopting regulation :2:90 immediately follows the statute just quoted and is KRS 244.050, which reads:

" 'Treating' prohibited.

"No retail licensee shall give away any alcoholic beverage in any quantity, or deliver it in any quantity for less than a full monetary consideration."

In enacting KRS 244.050 the Legislature evidently wanted to prevent treating and the statute makes no mention that sales shall be for cash by the retailer. All the statute requires is that the full monetary consideration shall be paid to the retailer. In Oertel Brewing Co. v. Portwood, Ky., 320 S.W.2d 317, we held KRS 243.130, regulating distillers, rectifiers and vintners, did not apply to brewers or retailers of malt beverages, and the Board by its regulation could not make the statute applicable to such retailers.

Here, the statutes under which the Board is attempting to act do not apply to retailers of malt beverages and the Board through its regulation cannot bring such retailers within the statutes.

■ We now come to the second regulation of the Board, :8:60, which reads:

"A.B.C. :8:60 Delivery of Malt Beverages Relates to KRS 243.150, 243.180 and 243.280.

"No retailer of malt beverages shall accept orders for malt beverages by telephone or by mail, nor shall he deliver malt beverages to the consumer at any place beyond the premises of the licensee."

Examining the three statutes to which the regulation is supposed to relate, we find KRS 243.150 relates to brewer's license, while KRS 243.180 relates to the license of distributors of malt beverages. Retailers are not mentioned in either statute. There is a vast distinction made by the statutes between a distributor and a retailer of malt beverages, the former being a wholesaler. Of the three statutes referred to in this regulation ( :8:60) only KRS 243.280 relates to retailers and it provides:

"A malt beverage retailer's license shall authorize the licensee to sell malt beverages at retail from the licensed premises only and to purchase malt beverages only from a brewer or distributor."

Appellees argue this quoted part of the statute limits the sale to the licensee's premises, therefore the Board may adopt a regulation preventing a sale by telephone

or mail and preventing delivery of beer by the retailer, as such regulation prevents the retailer from selling to minors and others not permitted to purchase malt beverages. This may be a moral and laudable purpose by the Board, but the statute cannot be construed as limiting sales by a retailer in any such manner. The statute provides the sale must be "from the licensed premises only" and does not say the sale must be "at the licensed premises only" as contended by the Board. The Board attempts to read into the statute the word "at" and delete the word "from", or rather substitute "at" for "from." Thus the regulation reads into this statute a restriction which the Legislature did not incorporate therein.

 By regulations :2:90 and :8:60, the Board broadened the statutes and included therein matters not written into the statutes by the Legislature. The Board cannot substitute its judgment for that of the Legislature but must accept the law as enacted by that body. It is elementary that the Legislature cannot delegate its functions to others. See Kerr v. City of Louisville, 271 Ky. 335, 111 S.W.2d 1046; Bloemer v. Turner, 281 Ky. 832, 137 S.W. 2d 387. Whenever the Board adopted regulations which conflicted with the statute, this court has consistently refused to sustain the regulations. Dougherty v. Ky. Alcoholic Beverage Control Board, 279 Ky. 262, 130 S.W.2d 756; Shearer v. Dailey, 312 Ky. 226, 226 S.W.2d 955; Oertel Brewing Co. v. Portwood, Ky., 320 S.W. 2d 317.

 Our position is fortified by KRS 244.350 which forbids a package retailer of distilled spirits or wine from accepting orders by telephone or by mail and forbids him to make delivery of distilled spirits or wine. The Legislature by putting this restriction on the sale of liquor and wine in KRS 244.350 and in omitting such restriction on a retailer of malt beverages in KRS 243.280, plainly showed its intent was not to exercise as close supervision over the sale of malt beverages as over the sale of liquor and wine, else it would have put the same restriction in both KRS 244.350 and in 243.280. Since the Legislature did not see fit to thus restrict retailers of malt beverages, the Board is without authority to do so by its own regulation.

 True, the Legislature by KRS 241.060 vested the Board with certain regulatory and administrative powers, but this does not give the Board authority to adopt regulations extending beyond the scope of the statute which it attempts to administer. As is written in 42 Am.Jur. "Public Administrative Law" § 26, p. 316, "General language describing the powers and functions of an administrative body may be construed to extend no further than the specific duties and powers conferred in the same statute." Also, see 73 C.J.S. Public Administrative Bodies and Procedures § 94, at page 415, where it is written that a public administrative board "may not, by its rules and regulations, amend, alter, enlarge, or limit the terms of a legislative enactment."

The judgment is reversed with directions that one be entered in conformity with this opinion.