**ALCOHOLIC BEVERAGE CONTROL BOARD of the Commonwealth of Kentucky et al., Appellants,**

v.

**Joe HUNTER, Appellee.**

Court of Appeals of Kentucky.

Jan. 22, 1960.

Thomas P. Bell, Frankfort, for appellants.

Thomas F. Marshall, Frankfort, for appellee.

STEWART, Judge.

This controversy tests the validity of an administrative rule known as "Regulation ABC 2:80", promulgated November 1, 1956, by the Alcoholic Beverage Control Board of the Commonwealth of Kentucky (herein referred to as "the Board"). It provides in substance that if any retailer is found guilty of giving a check in payment for alco-

holic beverages without sufficient funds in the bank to cover such check, this fact may be deemed prima facie evidence that he is obtaining forced credit from the wholesaler and that he is guilty of a presumptive violation of the cash clause of the Alcoholic Beverage Control Act. KRS Chapter 244.

The purported authority for the issuance of this regulation is KRS 244.040(1), which reads: "No brewer, wholesaler or distributor shall sell any alcoholic beverages to any person in this state for any consideration except for cash paid at or before the time of delivery."

The facts out of which this case arose are not in dispute and disclose that on November 7, 1957, appellee, Joe Hunter, was cited to appear before the Board and show cause why his retail package liquor license should not be suspended or revoked for allegedly violating the provisions of Regulation ABC 2:80 of the Board. Appellee is the holder of a retail package liquor license issued to him by the Board for premises located at 807 East Main Street in Richmond. At a hearing held on November 26, 1957, it was brought out that appellee, between September 30 and October 23, 1957, paid certain wholesalers from whom he had purchased distilled spirits and wine with checks which were returned because the funds were insufficient in the bank they were drawn on to meet the checks. The evidence indicated these checks were thereafter made good. It was also proved appellee had established credit at the time with the Madison Bank of Richmond, and that, in fact, he had balances in other accounts when these checks were given on his account as proprietor of "Drive-In Liquor Store."

The Board applied the above regulation to the foregoing proof and revoked appellee's license. A timely appeal was prosecuted to the Franklin Circuit Court and that forum, presided over by the Honorable Squire N. Williams, Jr., as special judge, on December 31, 1957, adjudged Regulation ABC 2:80 to be null and void and found that the terms and conditions of KRS 244.040(1), upon which the regulation is allegedly based, had not been contravened by appellee. The trial judge ordered the revocation of appellee's license by the Board to be set aside and held for naught. The Board has appealed from this ruling of the lower court.

This appeal presents these two questions for determination: (1) Is Regulation ABC 2:80 promulgated by the Board on November 1, 1956, valid? (2) Did appellee, as a licensed retail package liquor dealer, disobey the provisions of KRS 244.040(1)? Since the regulation supposedly relates to the above-quoted statutory subsection the two questions fuse into each other and therefore should be considered together.

The expressions "brewer", "wholesaler" and "distributor" mentioned in KRS 244.040(1) are words whose meanings are so commonly understood in everyday usage that we deem it unnecessary to set forth a formal definition of each of these terms. We need only observe that none of the types of business embraces a transaction involving the sale of alcoholic beverages at retail. In the recent case of Roppel v. Shearer, Ky., 321 S.W.2d 36, in passing upon the question of whether this same statutory subsection would forbid a retailer from selling and delivering malt beverages on credit to his customers, this Court held that, since the subsection did not mention retailers of malt beverages in its context, it could have no application to such a business transaction.

In the interpretation of the subsection under discussion the simple inquiry is whether its provisions prohibit receiving credit as well as extending credit. It is clear to us that it is limited only to extending credit, with the result that no buyer of alcoholic beverages is affected in any wise by the terms and conditions of KRS 244.040(1).

The lower court concluded, as a matter of law, that the ruling of the Board was erroneous when it found that appellee had violated the terms and conditions of KRS 244.040(1). We concur in the view reached below on this point.

The next inquiry that addresses itself to us is whether the Board, in its attempt to administer KRS 244.040(1), was authorized to adopt and enforce a regulation that would have the effect of extending this provision of law beyond its clearly defined boundaries.

In 73 C.J.S. Public Administrative Bodies and Procedure § 94, p. 413, the following general statement appears which is controlling on the proposition raised: "Inasmuch as the rule-making power of a public administrative body is a delegated legislative power, which it may not use either to abridge the authority given it by the legislature or to enlarge its powers beyond the scope intended by the legislature, statutory provisions control with respect to what rules and regulations may be promulgated by such a body, as well as with respect to what fields are subject to regulation by it. While a public administrative body may have the authority to make or adopt rules and regulations designed to carry out the duties imposed on it and to effectuate the purpose of the enactment under which it operates or which it is administering, the rule-making power of such a body must exist within the framework of the statute creating it, and it must accord therewith, and with the policy indicated therein."

In the case of Bloemer v. Turner, 281 Ky. 832, 137 S.W.2d 387, the rule just quoted was adhered to under these facts: A statute empowered the Director of the Agricultural Experiment Station at the University of Kentucky to enforce certain requirements as to labeling the percentages of the nutritious qualities of certain "concentrated commercial feeding stuff" placed on the market for sale, and to adopt such regulations as he might believe necessary to carry into effect the true intent and meaning of the statute in this respect. In the exercise of the power thus confided to him, the Director specified by a directive that, in addition to compliance with the mandate of the Legislature as to labeling in the manner described, the manufacturer must also set forth in the label the water content of the product in each container.

The authority of the Director to compel a showing of the amount of water in the canned feed stuff was attacked on the ground that it went beyond the scope of the statute. This Court upheld this contention and, in striking down the labeling requirement imposed by the Director as to the water content of the product, pointed out that one vested with rule-making power may make only such regulations as are necessary to effectuate the purpose of the enactment under which he operates or which he is carrying out. He may not by the adoption of a regulation amend, alter, enlarge or limit the terms of the legislative enactment.

Relying upon KRS 241.060(1) it is argued the Board has authority under a general rule-making statute which is broad enough in its sweep to encompass the regulation in controversy. This subsection empowers the Board to formulate reasonable regulations " * * * for the supervision and control of manufacture, sale, transportation, storage, advertising and trafficking of alcoholic beverages." This Court held, however, in Roppel v. Shearer, cited above, that the regulatory power conferred by KRS 241.060(1) does not bestow upon the Board the right to place rules in force that exceed the limitations of the particular statute it undertakes to administer. In this connection, the Shearer opinion [321 S.W. 2d 39] called attention to this statement lifted from 42 Am.Jur., Public Administrative Law, sec. 26, p. 316: "General language describing the powers and functions of an administrative body may be construed to extend no further than the specific duties and powers conferred in the same statute."

It is our opinion the lower court correctly declared null and void Regulation ABC 2:80 promulgated by the Board on November 1, 1956, on the ground that the Board was without statutory authority to prescribe such a directive.

Wherefore, the judgment is affirmed.

WILLIAMS, J., not sitting.