**John ANGEL and Mrs. Ivo Caldwell, Jr., Appellants,**

v.

**Harold MOBERLY, R. Carey Graham and A. B. Meade, Members of and Constituting the Alcoholic Beverage Control Board of Kentucky, and Charles Louis Simms, Appellees.**

Court of Appeals of Kentucky.

March 1, 1968.

Robert M. Spragens, Lebanon, George M. Catlett, Frankfort, for appellants.

Edward F. Prichard, Jr., John Darnell, Frankfort, for appellees.

STEINFELD, Judge.

Charles Louis Simms applied for a retail malt beverage license. KRS 243.040. Upon refusal of the County Administrator to approve said application an appeal was taken to the Alcoholic Beverage Control Board. KRS 241.200. After hearing, the Board ordered the license to be issued upon certain conditions. The protestants appealed to the Franklin Circuit Court. KRS 243.560. From a judgment affirming, this appeal was taken. KRS 243.590. We affirm.

The appellants, who are among those who protested the issuance of the license, contend that the notice published by the applicant stating his intention to apply for a retail malt beverage license did not com-

ply with KRS 243.360(1) which required an adequate description of the premises for which the application was made. The notice read:

"Notice is hereby given that Charles Louis Simms, Loretto, does make known his intention to apply for a Retail Malt Beverage License for the premises to the tavern known as Simms' Tavern and located 12 miles from Lebanon on the North side of Kentucky Highway 208 in Marion County, Kentucky."

■ They cite Durbin v. Wood, Ky., 369 S.W.2d 125 (1963) which held "the purpose of this subsection of the statute is to notify the public of the proposed use of specific property so that any member of the public is afforded an opportunity to file a protest against the issuance of a license for that location." The Board held the notice sufficient and obviously it was. A petition protesting the issuance of the license and containing 48 signatures was filed with the Board. The addresses opposite some of the signatures show that there was general knowledge in the community that the application had been made. The field report of the investigator employed by the Department of Alcoholic Beverage Control revealed that he had no trouble locating the property. He testified: "I went out to the neighborhood of where the place was to be located and asked the neighbors in that vicinity, within a radius of between a half mile and one mile" if they were for or against the issuance of the license. He read into the record the names of the people he saw and where they lived.

Filed with the application was an option which gave applicant the right to purchase the subject property. It fully described the premises for which the application had been made. Under the foregoing circumstances we are unwilling to say that the Board was in error in holding that "the description sufficiently identified

the general location of the premises to enable any interested person to form an opinion as to whether the location would be objectionable and to enable the presentation of appropriate objections." Barnett v. Portwood, Ky., 328 S.W.2d 164 (1959).

■ Angel and Caldwell contend that Simms made a false material statement in his application in violation of KRS 243.450 (1) (c). That statute requires the denial of the license, "If the applicant has made any false material statement in his application". A question asked on the application form was, "Is the entire license fee paid by applicant and by no other person?" The answer was "Yes". He admitted that the $25.00 check which accompanied his application "came out of the store. It was a partnership account, but like I said, my wife and I work in the store and we work the money situation out between us." The Board was justified in finding that there was no evidence of any intention on the part of appellee to deceive it and that it was not deceived.

■ Appellants next assert that the premises for which the license was sought "are not entitled to be licensed * * *". They rely upon KRS 243.220(1) which provides:

"No license for the sale of alcoholic beverages at retail shall be issued for any premises unless the applicant for the license is the owner of the premises or is in possession of the premises under a written lease for a term of not less than the license period."

They argue that Simms neither owned nor leased the premises and that he had "merely an option to purchase the land." Appellees answer that "it has long been the Board's custom to approve the issuance of a license in cases where the applicant holds an option to purchase the premises or where the applicant holds a lease contingent upon the issuance of a license."

In such cases the Board approves the *application* but withholds the actual issuance of the license until the requirements of the statute have been fulfilled. That is what occurred in the case before us. This is necessary to protect an applicant from assuming a substantial financial outlay or making a contractual commitment before he knows whether a license will be granted. This is not a violation of the statute. Reinsperg v. Reed, 313 Ky. 683, 233 S.W.2d 412 (1950).

■ The last point asserted by the protestants is that the granting of the license for these premises would result in a traffic hazard and be contrary to the public interest. They rely on KRS 243.450(2) which reads:

"A license that might be issued under KRS 243.020 to 243.670 may be refused by a state administrator for any reason which he, in the exercise of his sound discretion, may deem sufficient."

They cite Moberly v. Bruner, Ky., 382 S.W.2d 406 (1964) in which we said that "* * * the legislature has, by the enactment of KRS 243.450(2), taken cognizance of a twilight zone within which the administrative agency must determine if any particular license should be granted when substantial reasons exist why its issuance would not be in the public interest." In the case now before us the Board heard testimony of six witnesses, examined photographs and found that there was no substantive evidence produced that would justify it in denying under the provisions of KRS 243.450(2) the license sought. It appears to us, as it did to the lower court, that the decision of the Board was not contrary to the statute or the abuse of its discretion. Reinsperg v. Reed, supra. Alcoholic Beverage Control Board v. Woosley, Ky., 367 S.W.2d 127 (1963) and Moberly v. Johnson, Ky., 376 S.W.2d 529 (1964).

The judgment is affirmed.

All concur.