KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD and Kentucky Beer Wholesalers Association, Inc., Appellants,

v.

ANHEUSER–BUSCH, INC., Appellee.

Court of Appeals of Kentucky.

Oct. 27, 1978.

Julian W. Knippenberg, Carroll & Knippenberg, R. Coleman Endicott, Lexington, for appellants.

Ben B. Fowler, Stites, McElwain & Fowler, Frankfort, for appellee.

Before HOGGE, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

Anheuser-Busch, Inc. applied for a beer distributor's license under KRS 243.040. However, its application was rejected by the Kentucky Alcoholic Beverage Control Board pursuant to its regulation, 804 KAR 4:015, that prohibits interlocking interests between wholesalers, distributors, and manufacturers of malt beverages. The trial court set aside the order of the Board and ordered same to issue the license. Hence, this appeal from the trial court.

The regulation in question attempts to prevent a monopoly in the beer business which might occur where those who have financial interests in the manufacturing, wholesaling, or retailing of beer could form interlocking relationships to the detriment of the independent wholesaler or retailer. This is, perhaps, a laudable goal but the issue here is whether there was and is statutory authority upon which this administrative regulation could be based.

The statute relied upon is KRS 241.060 and the pertinent parts are as follows:

The board shall have the following functions, powers and duties:

(1) To adopt reasonable regulations governing the procedure relative to applications for and revocations of licenses and relative to all other matters over which the board has jurisdiction, and for the supervision and control of manufacture, sale, transportation, storage, advertising and trafficking of alcoholic beverages. Regulations need not be uniform in their application, but may vary in accordance with reasonable classifications.

In addition to the specific grant of regulatory power set out above, KRS 13.082 provides for the adoption of regulations by every administrative body and is quoted as follows:

(1) The power vested in every administrative body to adopt regulations shall be uniform and shall be confined to the direct implementation of the functions and duties assigned to an administrative body by the general assembly, or by executive order.

Do these statutory provisions grant the authority claimed by the appellant? We think not.

Prior to the adoption of the administrative regulations in question, the Court of Appeals ruled on a case that is very similar to the one before us. In the case of *Kentucky Beer Wholesalers Association v. George Wiedemann Brewing Company*, Ky., 302 S.W.2d 606 (1957), it was held that Chapter 243 of the Kentucky Revised Statutes did not prohibit the issuance of a distributor's license to a licensed brewer, and the court affirmed a judgment of the Franklin Circuit Court approving the issuance of such a license.

The rationale of the opinion is that KRS 243.110(1) expressly provides that each kind of license issued under KRS 243.030 is incompatible with every other license listed in that section. KRS 243.030 pertains only to distilled spirits and wine licenses. Malt beverage licenses of all kinds are provided for in KRS 243.040. As a consequence, the court reasoned that since the legislature had specifically prohibited cross-licensing

for distilled spirits and wine licensees that its failure to provide a similar prohibition insofar as malt beverage licenses were concerned indicated that there was no intention on the part of the legislature to prohibit a licensed brewer from holding a distributor's license.

KRS 243.110 has not been amended in any way, and there have been no significant amendments to KRS 243.030 and 243.040. No new section has been created in Chapter 243 since 1957 indicating any new legislative policy in connection with malt beverage licenses.

■ It is true that the alcoholic beverage control law grants to the Board the right to make reasonable regulations in all matters over which the Board has jurisdiction. KRS 241.060. However, it is axiomatic that the grant of the power to make regulations does not authorize an administrative agency to adopt regulations which are contrary to legislative policy as expressed in the statutes. The cases that best exemplify this principle are the cases of *Roppel v. Shearer*, Ky., 321 S.W.2d 36 (1959), and *Alcoholic Beverage Control Board v. Hunter*, Ky., 331 S.W.2d 280 (1960). In the *Roppel* case the Alcoholic Beverage Control Board, exercising its authority to promulgate regulations under KRS 241.060, adopted a regulation prohibiting any "brewer, distributor or retailer of malt beverages" from selling malt beverages on credit. The Court of Appeals held that the regulation was contrary to law and therefore invalid. The court referred to KRS 244.040 which prohibited a brewer, wholesaler, or distributor from selling alcoholic beverages on credit. As a consequence, it was beyond the power and authority of the Alcoholic Beverage Control Board to adopt a regulation which had the effect of prohibiting credit in sales by malt beverage retailers.

In the *Hunter* case, the Alcoholic Beverage Control Board had adopted a regulation which provided that any retailer guilty of giving a cold check for the purchase of alcoholic beverages would be considered as obtaining credit from the wholesaler and

guilty of violating the statute prohibiting a distributor to sell alcoholic beverages on credit. The court noted that KRS 244.-040(1) was a prohibition against brewers and distributors from selling alcoholic beverages on credit. The court held that this statute did not affect any buyer, such as a retailer, and, as a consequence, the regulation was invalid. The court, specifically referring to KRS 241.060(1), stated that this statute does not bestow upon the Board the right to place rules in force that exceed the limitations of a particular statute it undertakes to administer.

It is our holding that the trial court was correct in its decision because the *Kentucky Beer Wholesalers Association v. George Wiedemann Brewing Company, supra,* holds that the legislature in KRS Chapter 243 dealt directly with the problem of incompatibility of licenses. Therefore, this statute established a clear legislative intent not to prohibit cross-licensing in the areas not expressly prescribed. Thus, the Board exceeded the authority conferred upon it by statute in issuing this regulation. *Roppel v. Shearer, supra,* and *Alcoholic Beverage Control Board v. Hunter, supra.*

The judgment of the trial court is affirmed.

All concur.